Aaron Delbert **FERGUSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 58518.

Court of Criminal Appeals of Texas, Panel No. 2.

July 2, 1980.

On Rehearing Sept. 23, 1981.

Rehearing Denied Nov. 4, 1981.

Jimmy Phillips, Jr., Angleton, for appellant.

Carol S. Vance, Dist. Atty., John B. Holmes, Jr., Dist. Atty. and Calvin A. Hartmann and Richard Cobb, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty.,

Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This is an appeal from a conviction for the offense of delivery of heroin wherein the jury assessed appellant's punishment at confinement in the Texas Department of Corrections for a term of forty-five years.

By his first ground of error, appellant contends that the trial court erred in overruling his motion to quash the indictment returned against him. Omitting the formal portions, the indictment on which appellant was tried alleged that he, on April 25, 1975, did:

> ... unlawfully, intentionally and knowingly deliver to Jerry Powell, a controlled substance namely Heroin.

By timely filed motion to quash[1] appellant asserted that the indictment's allegations "are insufficient to put the Defendant on notice of what type of delivery the State will rely on to prove its accusation...; [and] it is therefore... impossible for the Defendant to know against what proof he must prepare his defense."

■ As we characterized it in *Cruise v. State*, 587 S.W.2d 403, 404 (Tex.Cr.App. 1979), "This complaint, having been properly asserted, calls into question the adequacy of the constitutional requisite of notice to the accused[2] and, therefore, requires our

consideration of it from his perspective." Recent cases have considered the issue of adequate notice when raised by a motion to quash. Their common thread is that when the underlying statute denouncing the offense permits conviction on more than one set of circumstances, "the accused is not required to anticipate any and all variant facts the State might hypothetically seek to establish," *Drumm v. State*, 560 S.W.2d 944, 947[3] (Tex.Cr.App.1977), but by his motion or exception, may insist on "a specific allegation of what the State will rely upon to convict," *Amaya v. State*, 551 S.W.2d 385, 387[4] (Tex.Cr.App.1977). See also *Cruise v. State*, supra, at 405.[5]

■ Delivery of a controlled substance may be accomplished in at least three quite different situations: actual transfer, constructive transfer and the entirely distinct offer to sell.[6] Thus, the information appellant sought to have the State provide was the legal theory of just which kind of delivery was going to be established by the proof.

While the indictment alleges facially that an offense against the law was committed, in this controlled substance case it does not show on its face facts necessary to give appellant precise notice of the "nature ... of the accusation against him." Tex.Const. Art. I, § 10. Nor does the indictment as drafted serve to distinguish the conduct alleged from other conduct by the accused, which is required to ensure a bar to a subsequent prosecution for the same offense. Article 21.04, V.A.C.C.P.; *Haecker v. State*, 571 S.W.2d 920 (Tex.Cr.App.1978);

---

1. The State erroneously asserts that the motion to quash was not timely. The record before us reveals, however, that the motion was filed by appellant, and considered by the trial court, before trial proceedings commenced.

2. See Tex.Const. Art. I, § 10.

3. The particular ground for prior suspension of driver's license was required to provide adequate notice to one accused of driving while license suspended.

4. One accused of welfare fraud is entitled to notice of the content of the particular willfully false statement the State intends to prove.

5. Charged with the offense of robbery by causing bodily injury an accused must be informed of the precise conduct which the State claims caused the bodily injury.

6. "Delivery" means "the *actual* or *constructive* transfer from one person to another of a controlled substance... [and] includes an *offer* to sell a controlled substance." Article 4476–15, § 1.02(8), V.A.C.S. [All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.]

*Cruise v. State,* supra; *Amaya v. State,* supra; *Drumm v. State,* supra; *Terry v. State,* 471 S.W.2d 848 (Tex.Cr.App.1971); cf. *Pollard v. State,* 567 S.W.2d 11, 13 (Tex. Cr.App.1978). Ground of error one must be sustained.

The judgment is reversed and the indictment is ordered dismissed.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

W. C. DAVIS, Judge.

On original submission, this cause was reversed because of the trial court's failure to grant a motion to quash. We granted rehearing and now must review that decision, especially in light of our recent decision in *Thomas v. State,* 621 S.W.2d 158 (1981) (Opinion on State's Motion for Rehearing).

In the present case, the indictment alleged, in pertinent part, that the appellant on April 25, 1975, did "unlawfully, intentionally and knowingly deliver to Jerry Powell, a controlled substance, namely Heroin."

In his motion to quash, the appellant argued that the allegation in the indictment "fails to allege how the controlled substance was delivered" and is "insufficient to put the Defendant on notice of what type of delivery the state will rely on to prove its accusation against the defendant; that it is therefore responsible for the Defendant to know against what proof he must prepare his defense."

In our panel decision we noted that delivery is statutorily defined and can be accomplished in three distinct manners: actual transfer, constructive transfer, and by an offer to sell, Article 4476–15, Sec. 1.02(8), V.A.C.S. We concluded that the failure to specify which legal theory or theories of delivery were going to be established by the proof denied the appellant precise notice of the nature of the accusation against him and failed to act as a bar against subsequent prosecutions since the conduct alleged was not distinguished from other conduct of the appellant.

The State in its motion argues that since the term "delivery" is statutorily defined, there is no need to specify which type of delivery was committed; the appellant had already received adequate notice of the offense with which he is charged.

Initially, we must note that the indictment did allege the commission of the offense of delivery of a controlled substance; it was sufficient to confer jurisdiction upon the trial court. Our inquiry, therefore, is limited to the issue of whether, upon timely specific request, this indictment was adequate to provide notice of the accusations against the accused.

Any inquiry about the adequacy of notice must begin by observing that the accused's right to notice of the accusations against him is premised upon constitutional principles. The Sixth Amendment to the Constitution of the United States provides:

"In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation..."

Section 10 of Article 1 of the Texas Constitution states:

"[In all criminal prosecutions the accused] shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof."

The Legislature has also sought to provide guidance as to the adequacy of notice through the enactment of Chapter 21 of the Texas Code of Criminal Procedure. Article 21.02(7) provides:

"7. The offense must be set forth in plain and intelligible words."

Article 21.03, V.A.C.C.P. states:

"Everything should be stated in an indictment which is necessary to be proved."

Article 21.04, V.A.C.C.P. adds:

"The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense."

Article 21.12, V.A.C.C.P. also states, in part:

"When a statute defining any offense uses special or particular terms, indict-

ment on it may use the general term which, in common language, embraces the special term."

With the Constitutional provisions and the statutes in mind, we now address the State's motion.

■ Generally, a motion to quash will be granted if the facts sought are essential to giving notice. However, as we stated in *Thomas v. State*, supra, usually when terms and elements in the indictment are statutorily defined, the definitions are essentially evidentiary and need not be further alleged in the indictment.

In *Thomas*, which involved a theft indictment, we held that while the term "owner" was defined in three different possible ways, it was unnecessary for the State to specify which type of "owner" the State was going to prove. We stated the "owner" was neither vague nor indefinite because of the definitions found in the statute. We concluded that there was no need to specify the type of owner because by so doing, it would not assist or affect the defendant's preparations for trial. Finally, we stressed that, "More importantly, the term 'owner' does not go to an act or omission of the appellant."

In the present case, while "delivery" is statutorily defined, the statute does not present a single definition. Rather, the definition allows three different and distinct ways of establishing the accused's criminal conduct. This is not like the situation of requesting the type of "owner" to be alleged, for in that situation, as was stated above, the specific allegation would not affect the defendant's defense preparations. Here, however, "delivery" is the very heart of the offense . Which type of "delivery" the State will attempt to prove would be critical to the appellant's defense. The "delivery" is the act by the appellant which constitutes the criminal conduct.

The State argues that while there is more than one type of "delivery," there are only three possible definitions. They contend that the appellant is "not confronted with a myriad of manner and means of committing delivery." However, if we accept the State's argument, then are we to assume that if a term of describing the appellant's act or omission is defined, then no matter how many ways the possible conduct is defined, the accused has nonetheless received adequate notice of the charges against him? Or if that is unacceptable, then are there a certain number of possible definitions of the accused's conduct beyond which the appellant will not have received notice to prepare his defense for trial? We must conclude that such an approach is untenable.

In *Cruise v. State*, 587 S.W.2d 403 (Tex. Cr.App.1979), this Court concluded that the term "cause bodily injury" in a robbery indictment did not, upon a timely motion to quash, give precise notice of the offense with which the defendant was charged. The term "cause bodily injury" was susceptible to an almost endless list of possible meanings and it would have been impossible for the State to prove the element without also showing the manner in which it was done. In *Haecker v. State*, 571 S.W.2d 920 (Tex.Cr.App.1978), the defendant was charged with "knowingly tortur[ing] . . . a dog." The defendant in a motion to quash contended that "torture" did not give adequate notice. Even though the term "torture" was statutorily defined, we concluded that the language of the statute was not completely descriptive of the act constituting the offense so as to inform the accused of the nature of the charge.[1] The information in *Drumm v. State*, 560 S.W.2d 944 (Tex.Cr.App.1977) alleged that the defendant had been driving with his license suspended. The information further alleged that the defendant's license had been suspended under the provisions of Tex.Rev.Civ. Stat.Ann., Article 6687b, Section 24 (Vernon). The defendant filed a motion to

1. Tex.Rev.Civ.Stat.Ann., Article 180 (Vernon) provides:

 " . . . the words 'torture' and 'cruelty' include every act, omission, or neglect whereby un-

necessary or unjustifiable pain or suffering is caused, permitted or allowed to continue when there is a reasonable remedy or relief."

quash seeking a specific allegation as to which subsection of Section 24 the State would rely to show that the defendant's license was suspended. Section 24 provided for five ways in which the accused's license may be suspended. We again concluded that in order for the defendant to prepare his defense, he was entitled to notice of the particular suspension upon which the State was going to rely. Also, see *Lindsay v. State*, 588 S.W.2d 570 (Tex.Cr.App.1978); *Amaya v. State*, 551 S.W.2d 385 (Tex.Cr. App.1977).[2]

■ From these cases, it is clear that even though an act or omission by a defendant is statutorily defined, if that definition provides for more than one manner or means to commit that act or omission, then upon timely request, the State must allege the particular manner or means it seeks to establish.

■ We are aware of the State's argument that the State could allege all three types of delivery through disjunctive or conjunctive pleadings. The appellant, they contend, would be on no greater notice in the present case where only "delivery" was alleged. We do not agree. Initially, the State's argument assumes that the State would allege all three types of delivery. The prosecution, aware that the evidence would only support one type of delivery, may elect to allege only that of delivery. Furthermore, the prosecution may decide to allege only one type of delivery so as to keep as few possible issues before the jury.

Nonetheless, assuming that the State did elect to allege each type of criminal conduct, the appellant would be on notice that all types of delivery were going to be shown, or were possibly going to be shown, and he could prepare his defense accordingly. If not, the appellant would be left to guess or assume that the State was going to prove one or all the types of conduct. We,

therefore, hold that the indictment, in light of appellant's timely request, did not provide adequate notice to the appellant of the charges against him.

Additionally, the indictment in the present case would not serve as an adequate bar to future prosecutions. It would be possible for several different "delivery" offenses to be encompassed by this indictment. In fact, in the present case, two possible offenses may have been involved. The record indicates that there was an "offer to sell." However, the evidence also indicates that prior to the offer to sell, the appellant's co-defendant delivered a sample of the heroin to the undercover police officers. Thus, a distinct and different "constructive delivery" may have been shown. See *Rasmussen v. State*, 608 S.W.2d 205 (Tex.Cr.App.1980) (Opinion on Motion for Rehearing). We conclude that the indictment fails to adequately serve as a bar to future prosecutions.

Since the indictment fails to give adequate notice and will not serve as a bar to future prosecutions, the trial court erred in denying the appellant's motion to quash.

■ The State further argues that if the motion to quash was incorrectly denied, then we should not order the indictment dismissed. They contend that we should overrule the holding in *Brasfield v. State*, 600 S.W.2d 288 (Tex.Cr.App.1980) (Opinion on Motion for Rehearing). This we decline to do.

The State's Motion for Rehearing is overruled.

### ON STATE'S MOTION FOR REHEARING

ROBERTS, Judge, concurring.

I agree with the Court that the appellant's motion to quash should have been granted because the indictment failed to

---

2. In *Phillips v. State*, 597 S.W.2d 929 (Tex.Cr. App.1980) relied upon in *Thomas*, the indictment alleged that the accused had the "intent to violate and abuse the Complainant sexually." Even though there were seven different means to commit sexual abuse, we concluded

that the allegation was essentially evidentiary. However, we note that the indictment involved was for aggravated kidnapping and that the sexual abuse was used to make the offense aggravated.

specify "what type of delivery." The Court's opinion, like the panel's, focusses on the distinctions among actual transfer, constructive transfer, and an offer to sell. These distinctions certainly exist, but they are not so significant as the distinctions among administering, dispensing, and distributing. As the Court held in *Santoscoy v. State*, 596 S.W.2d 896, 899 (Tex.Cr.App. 1980):

> " 'Deliver' includes every kind of transfer of a controlled substance. See Texas Controlled Substances Act, Section 1.02(8). Delivering, like Gaul, is divided into three forms: administering, dispensing, and distributing. Every delivery must be in one of those three forms (or an offer to sell; see id.). 'Administer' refers to the direct application of a controlled substance to a patient or research subject by, or in the presence of, a practitioner. Texas Controlled Substances Act, Section 1.02(1). 'Dispense' refers to a delivery of a controlled substance to an ultimate user or research subject by a practitioner or pursuant to a lawful order of a practitioner. Texas Controlled Substances Act, Section 1.02(10). ' "Distribute" means to deliver other than by administering or dispensing a controlled substance.' Texas Controlled Substances Act, Section 1.02(12)." *

Therefore a defendant who is charged with "delivering" a controlled substance has not only the right to demand notice of whether a constructive transfer, an actual transfer, or an offer to sell is alleged, as the Court holds today; he also has the right to demand notice of whether administering, dispensing, or distributing is alleged. (It will be noticed that the typical illegal transfer of a controlled substance is a distribution.)

---

* The misquotation of Section 1.02(12) which appears at 596 S.W.2d 899 has been corrected here.