Bobby Dan NEWTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00330–CR.

Court of Appeals of Texas,
Dallas.

Feb. 18, 1982.

Discretionary Review Granted
May 19, 1982.

Robert Udashen, Dallas, for appellant.

R. Kristin Weaver, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, SPARLING and FISH, JJ.

SPARLING, Justice.

Appellant was convicted of burglary of a building and punishment, enchanced by two

prior convictions, was assessed at life confinement in the Texas Department of Corrections pursuant to Tex.Penal Code Ann. Sec. 12.42(d) (Vernon 1974). In three grounds of error appellant contends that he was not afforded a speedy trial; that the indictment should have been quashed because it failed to give appellant sufficient notice of the charges against him; and that a prior conviction alleged for enhancement was void. We overrule appellant's grounds of error, and, accordingly, affirm.

About 1:00 a. m. on September 3, 1978, William Walrath heard the sound of breaking glass emanating from a nearby auto repair shop. He called the police, and a man ran from the repair shop before they arrived. An indictment for the offense of burglary was returned against appellant on September 22, 1978. Appellant was arrested in November, 1979 and the trial commenced on May 21, 1980. The sufficiency of the evidence to support a conviction is not challenged on appeal.

■ Appellant urges in his first ground of error that he was denied a speedy trial because more than 120 days elapsed between the date of the indictment, which was the beginning of the criminal action against him, and the date of his arrest. Although the State announced "ready" before the 120 days had passed, appellant argues that the State could not have proceeded to trial in appellant's absence. Therefore, a "ready" announcement pursuant to Tex.Code Crim.Proc.Ann. art. 32A.02 (Vernon Supp.1980–1981) was a legal impossibility. Further, although appellant moved twice and changed jobs several times during the pendency of the arrest warrant, he claims that he was not avoiding arrest and was available to be found and arrested. Thus, the State did not use "due diligence" to determine his location pursuant to Tex. Code Crim.Pro.Ann. art. 32A.02, Sec. 4(4)(B) (Vernon Supp.1980–1981).[1]

We cannot agree. The "due diligence," as provided, is one of two possible conditions precedent to the utilization of Section 4(4), *supra*, which excludes the time during which the defendant is absent and his location is unknown from the computation of the 120 days. In the present case, however, no exclusion from the computation is necessary in that an announcement of ready was made before the statutory 120 day lapse.

■ The prosecutor announced ready for trial on October 9, 1978, ten days after the indictment was returned, and testified immediately prior to trial that he had been continuously ready since that date. That announcement is a *prima facie* showing of conformity with the act, and may be rebutted only by a showing by defendant that the State was not ready for trial during the act's time limits. *Barfield v. State*, 586 S.W.2d 538, 542 (Tex.Cr.App.1979). There was no showing by the defense that the State was not ready, except to establish that the defendant was unapprehended during this time. As it is fundamental that the State may not call a defendant as a witness, it follows that the defendant's testimony is not necessary to the State's case. The defendant's absence, although a bar to the commencement of trial, has no bearing on the prosecutor's state of readiness. Furthermore, the Speedy Trial Act is directed to prosecutorial delays, so delays caused by the criminal justice system, exclusive of the prosecution, are not taxed against the State. *See Barfield, supra* at 541. Ground of error one is overruled.

■ Appellant contends in his second ground of error that his motion to quash the indictment should have been granted because the indictment does not define "entry," thereby failing to sufficiently notify the appellant of the charges against him. The indictment reads in part, that the ap-

---

1. Article 32A.02 Time Limitations

Sec. 4 In computing the time by which the State must be ready for trial, the following period shall be excluded:

(4) a period of delay resulting from the absence of the defendant because his location is unknown and:
(A) . . .
(B) the State has been unable to determine his location by due diligence.

pellant did "intentionally and knowingly *enter* a building, not then and there open to the public, without the effective consent of Kenneth A. Hoppe, the owner thereof, and with intent to commit theft." (Emphasis added.) "Enter" is described by statute as: "to intrude (1) any part of the body; or (2) any physical object connected with the body." Tex.Penal Code Ann. Sec. 30.02(b) (Vernon 1974).

An unequivocal rule governing the degree of specificity required in an indictment is not apparent. Certain words, *not defined by statute*, have been held to require definition after a timely motion to quash by the defendant. *See Cruise v. State*, 587 S.W.2d 403 (Tex.Cr.App.1979), (the act described by the terms "caused bodily injury" must be specified); also, *Haecker v. State*, 571 S.W.2d 920 (Tex.Cr.App.1978), (the word "tortured" should be pleaded with more specificity). The rationale in those cases is that both terms are ambiguous, thereby failing to put the defendant on notice of the nature of his conduct.

In *Thomas v. State*, 621 S.W.2d 158 (Tex. Cr.App.1980), the Court of Criminal Appeals held that the words "owner" and "effective consent," *defined by statute*, need not be further defined. In so holding, the court cited *Phillips v. State*, 597 S.W.2d 929 (Tex.Cr.App.1980) and held that "no error occurred because 'the information requested was *essentially evidentiary*, rather than being required for purposes of notice and plea in bar.' " *Thomas* at 161. In *Ferguson v. State*, 622 S.W.2d 846 (Tex.Cr.App.1981) (on Motion for Rehearing), a delivery of heroin case, the court held that the act described by the term "deliver" should be specified upon request, even though "deliver" is also defined by statute. The court in *Ferguson* required more specificity in an indictment where the statute provides more than one "manner and means" to commit an "act or omission." Yet, *Ferguson* also applies the subjective test of whether the word in question adequately notifies the defendant of the charges against him: *Ferguson* held that "delivery" did not, but, applying the same rationale, we hold that "entry" does.

"Entry" is defined by statute as an "intrusion," and whether the intrusion is by a part of the body, or a physical object connected to the body, they are "essentially evidentiary" means of proving the intrusion. Further, the two means are so closely related that they may both be applicable in the proof of one offense. For example, if the act of breaking into a building is committed with a hand-held tool, a part of that tool may "enter" before the body of the suspect, yet if the suspect enter with his body, he is at the same time "entering" with anything he is wearing or holding, as they too are "connected" to a part of his body. To require the State to distinguish in its pleadings the two methods of entry must be judged by the requirement that the indictment "charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged." Tex.Code Crim.Pro.Ann. art. 21.-11 (Vernon 1977).

The definition of "enter" unlike the definition of "deliver" in *Ferguson, supra*, does not have the vagueness of a word like "transfer," or a distinction such as "actual or constructive," or the inclusion of an act such as "offer to sell." Thus, the indictment, in failing to further define "entry" is neither confusing nor ambiguous, and therefore, is not subject to a motion to quash. The indictment provides sufficient notice for the defendant to be aware of the offense charged, and, if applicable, to prepare a plea in bar. Ground of error two is overruled.

In his third ground of error appellant argues that one of the enhancement paragraphs of the indictment should have been stricken because it alleged a prior burglary conviction which was void. Under the statute applicable at the time of the prior conviction, written evidence was required to support a conviction based on a guilty plea. *Williams v. State*, 483 S.W.2d 460, 461 (Tex.Cr.App.1972); *Beaty v. State*,

466 S.W.2d 284, 285–86 (Tex.Cr.App.1971). Although the present record shows appellant's written agreement to stipulate to evidence as well as his plea of guilty in the earlier proceeding, it does not show the content of the stipulation. In a similar situation the Court of Criminal Appeals held:

> In the absence of a statement of facts we are unable to ascertain whether a written stipulation was admitted and subsequently misplaced or whether evidence other than a stipulation was admitted to support appellant's prior conviction. Appellant's contention does not rise to the level of a "no evidence" claim, and must be viewed as an impermissible collateral attack on the sufficiency of the evidence.

*Legg v. State,* 594 S.W.2d 429, 432 (Tex. Cr.App.1980); *See Ex parte Dantzler,* 571 S.W.2d 536, 537 (Tex.Cr.App.1978) (on motion for rehearing.) Appellant's third ground of error is overruled.

Judgment is affirmed.