**Freddy Albert Cardenas ROBLES**

v.

**The STATE of Texas.**

**No. 01–81–0319–CR.**

Court of Appeals of Texas, Houston (1st Dept.).

April 14, 1983.

Donald W. Rogers, Houston, for appellant.

Winston E. Cochran, Houston, for appellee.

Before JACK SMITH, DUGGAN and LEVY, JJ.

OPINION

LEVY, Justice.

Appellant was convicted by a jury of the offense of burglary of a habitation with intent to commit theft. The punishment assessed by the jury was thirty years confinement in the Texas Department of Corrections.

On the morning of August 7, 1980, the appellant, by exhibiting a handgun and threatening the complainant, forced his way into the home of complainant, Richard Merrill, president of the First City National Bank of Houston. Once inside the house, the appellant pulled out a cassette tape player and played a tape explaining that appellant was part of a group and that the purpose of appellant's presence was to take Merrill to the First City National Bank in order to withdraw an unspecified sum of money. Unknown to appellant, the police

had been called by Mrs. Merrill and when they arrived, the appellant attempted to escape with Mr. Merrill and Merrill's son. His escape attempt was thwarted by the police, however, and the appellant was persuaded to surrender to the police.

■ Appellant raises two grounds of error. In his first ground, appellant contends that the evidence was insufficient to show intent to commit theft.

Tex.Penal Code Ann. § 30.02(a)(1) (Vernon 1974) provides:

(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft;

Tex.Penal Code Ann. § 31.03(a) (Vernon 1981), states that a person commits the offense of theft, ". . . if he unlawfully appropriates property with intent to deprive the owner of property."

The appellant's specific argument is that the evidence did not show that the appellant had an intent to appropriate property from within the habitation. Merrill testified that it was clear that appellant's intent was to obtain money from the First City National Bank, not from Merrill personally.

It appears beyond dispute that the purpose of gaining entry to the Merrill residence was to facilitate an extortion scheme. Appellant argues that a burglary conviction can only be sustained by evidence showing an "intent to commit theft within the premises entered," but that is not the exclusive situation.

The burglary statute, Section 30.02(a)(1), of the Texas Penal Code, quoted above, does not specifically require an intent to commit theft from within the premises entered. While that would be the usual burglary situation, it is not the only one.

The evidence did overwhelmingly show that the appellant had an intent to commit theft, namely, to appropriate a large sum of money from the First City National Bank by terrorizing Merrill, the President of the Bank. There can be no doubt that the appellant had this intent before he entered the Merrill house, since he used a pre-recorded tape to state his demand. Moreover, there is a clear connection between the entry and the intent to steal, since gaining entry was critical to the success of the appellant's plan to extort the money. Although this crime was far different from the usual burglary, the evidence was not at variance with the indictment or the requirements of § 30.02(a)(1) of the Penal Code. The appellant's first ground of error is overruled.

For his second ground of error appellant contends that the trial court erred in overruling his motion to quash the indictment, complaining that the term "enter" was not defined with sufficient specificity to give him full and fair notice of the precise charge against him. Tex.Penal Code Ann. § 30.02(b) (Vernon 1974), provides:

(b) For purposes of this section, "enter" means to intrude:

(1) any part of the body; or

(2) any physical object connected with the body.

Appellant argues that this creates two different ways in which the offense could be committed, and that the State should have been required, upon timely motion, to clarify which way the appellant allegedly committed the offense.

The appellant relies on *Ferguson v. State*, 622 S.W.2d 846 (Tex.Cr.App.1981), which held that if a statutory definition of an offense provides more than one manner and means of committing the offense, the State must allege the particular manner or means if the defendant timely files an exception or a motion to quash.

In *Ferguson*, the crime alleged was delivery of heroin, a controlled substance. The definition of "delivery" in the Texas Controlled Substance Act, art. 4476–15, § 1.02(8) Tex.Rev.Civ.Stat.Ann. (Vernon 1982), is ". . . the actual or constructive transfer from one person to another of a controlled substance (including) an offer to sell a controlled substance." Several acts

which are significantly different from one another come within the definition of delivery—a constructive transfer, for example, is quite distinct from an actual hand-to-hand delivery, and an offer to sell is wholly different from a consummated commercial delivery for renumeration. Without knowing what kind of "delivery" the State seeks to prove, a defendant in a narcotics delivery case would not have fair notice of what the State's evidence will be.

In contrast, there is very little difference between an entry by some part of a burglar's body and an entry by some object connected with the burglar's body. The two means are closely related. When a physical object makes the entry, it does so as an extension of the body itself. Whether or not an inanimate object is used by the burglar to effect entry is essentially an evidentiary matter. The State is not required to plead its evidence, whether or not a motion to quash is filed. *Thomas v. State,* 621 S.W.2d 158 (Tex.Cr.App.1981).

In *Thomas, supra,* which involved a theft prosecution, the court held that while the term "owner" was statutorily defined in three different possible ways, it was unnecessary for the State to specify which type of "owner" the State was going to prove. The court concluded that there was no need to specify the type of owner because by so doing, it would not assist or affect the defendant's preparations for trial. In so holding, the court cited *Phillips v. State,* 597 S.W.2d 929 (Tex.Cr.App.1980), and held that "no error occurred because the 'information requested was essentially evidentiary, rather than being required for purposes of notice and plea in bar.'"

In *Gorman v. State,* 634 S.W.2d 681 (Tex. Cr.App.1982) and *Coleman v. State,* 643 S.W.2d 124 (Tex.Cr.App.1982), which involved theft indictments, the court applied the *Ferguson* rule to the term "appropriate." The term "appropriate" is defined by statute to mean the following: "(A) to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or (B) to acquire or otherwise

exercise control over the property other than real property." Tex.Penal Code Ann. § 31.01(5) (Vernon 1975). Once again, the court noted that the definition of "appropriate" allows "different and distinct ways of establishing the accused's criminal conduct." To transfer title involves basically different acts than to exercise physical control over an object, yet both are subsumed within the statutory definition of "appropriate." Accordingly, the court held that in light of appellants' timely motions to quash, the indictments did not provide adequate notice of the charges against them.

In contrast to the distinctly alternative situations presented by the statutory definitions of "delivery" or "appropriate", the term "enter" has only one definition: "to intrude." Because "entry" is defined by statute as an "intrusion", whether the intrusion is by a part of the body or a physical object connected to the body, it is essentially an evidentiary means of proving the intrusion. *Marrs v. State,* 647 S.W.2d 286 (Tex.Cr.App.1983); *Newton v. State,* 629 S.W.2d 206 (Tex.App.—Dallas), rev'd. on other grounds, 641 S.W.2d 530 (Tex.Cr.App. 1982).

The primary reason for granting an exception to the indictment, or a motion to quash same, is that the facts sought are essential to giving fair notice to the defendant. *Thomas, supra.* In other words, further specification by the State would be essential to the appellant's defense. This requirement of criticality was cited by the court in *Ferguson* as one reason for allowing further definition of "deliver," and in *Thomas* as one reason for denying further definition of "owner." We fail to see how further specification of the manner of entry would significantly assist or affect the defendant's preparations for trial.

We finally note that granting the appellant's motion to quash would not have given him any additional useful information. Even if the indictment specified that entry was made by intruding a part of the body, or by intruding some physical object connected to the body—and following *Ferguson* would only require that the specific

statutory alternative which applied be stated—that would not tell the appellant whether he allegedly reached through a window with his arm or whether he came completely inside the house, as actually occurred.

The appellant's second ground of error is overruled, and the judgment of conviction is affirmed.