# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00571-CR

**Frank Joseph Deary, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
### NO. 9352, HONORABLE HAROLD TOWSLEE, JUDGE PRESIDING

A jury found appellant Frank Joseph Deary, Jr., guilty of delivering one gram or more but less than four grams of cocaine in a school parking lot. *See* Tex. Health & Safety Code Ann. §§ 481.112(a), (c), .134(c) (West Supp. 2001). The jury assessed punishment, enhanced by two previous felony convictions, at imprisonment for fifty years and a $10,000 fine. We will modify the judgment and affirm.

The relevant facts are undisputed. Undercover narcotics officers Gene Wilson and Lionel Beals met appellant and Tommy Baker outside a Smithville bar for the purpose of a cocaine transaction. The officers drove to a nearby school parking lot, followed by appellant and Baker in Baker's car. There, Wilson walked over to the passenger side of Baker's car. Wilson testified:

> I'm talking to Mr. Deary and looking at other things going on, and the driver [Baker] had it [the cocaine] under the front seat and he takes it out and gets out what I'm going to purchase, which happens to be a hundred dollars worth and that's going to be five actual pieces of crack, and he takes it out, gets out what I'm purchasing and

hands it to Mr. Deary who in turn hands it to me, which I'm standing on the passenger side right by him; and I in turn reached in, after I get it concealed, and handed the money to the actual driver.

The indictment alleged that appellant delivered cocaine to Wilson "by constructive transfer." In his first point of error, appellant contends the State failed to prove that he delivered the cocaine to Wilson in the manner alleged.

The delivery of a controlled substance can be accomplished in three ways: by actual transfer, by constructive transfer, or by offer to sell. *Id*. § 481.002(8); *Ferguson v. State*, 622 S.W.2d 846, 848 (Tex. Crim. App. 1980). The parties agree that appellant, when he handed the cocaine to Wilson, delivered the substance to Wilson by actual transfer. *See Conaway v. State*, 738 S.W.2d 692, 695 (Tex. Crim. App. 1987) (plurality op.). From this, appellant urges that the State failed to prove that he was guilty of the constructive delivery alleged in the indictment. The State argues, and we agree, that appellant's conviction may be sustained because he was a party to Baker's constructive delivery.

A constructive transfer means, among other things, the delivery of a controlled substance through an intermediary. *See Thomas v. State*, 832 S.W.2d 47, 51 (Tex. Crim. App. 1992); *Conaway*, 738 S.W.2d at 695; *Cano v. State*, 3 S.W.3d 99, 105 (Tex. App.—Corpus Christi 1999, pet. ref'd). In this case, Baker, who owned or controlled the cocaine, constructively delivered it to Wilson, with appellant acting as intermediary in the transaction. *See Conaway*, 738 S.W.2d at 695.

The district court's jury charge included an instruction of the general law of parties. *See* Tex. Penal Code Ann. §§ 7.01, .02 (West 1994). Although the court failed to apply the law of parties to the facts of the case in the application paragraph, we measure the sufficiency of the

2

evidence against a hypothetically correct charge for this cause, that is, a charge that properly applies the law of parties to the facts. *Howard v. State*, 966 S.W.2d 821, 825 (Tex. App.—Austin 1998, pet. ref'd) (citing *Malik v. State*, 953 S.W.2d 234, 239-40 (Tex. Crim. App. 1997)).[1]

In *Conaway* and in *Nevarez v. State*, 767 S.W.2d 766 (Tex. Crim. App. 1989), the defendant handed the controlled substance to an intermediary, who in turn handed it to an undercover officer. *See Conaway*, 738 S.W.2d at 693; *Nevarez*, 767 S.W.2d at 767. In each case, the defendant was indicted for delivering the substance by actual transfer. *See Conaway*, 738 S.W.2d at 693; *Nevarez*, 767 S.W.2d at 767. In *Conaway*, the charge did not include an instruction on the law of parties and the evidence was held insufficient to sustain the conviction. 738 S.W.2d at 695. In *Nevarez*, the charge incorporated the law of parties and the evidence was held sufficient to sustain the defendant's conviction as a party to the actual transfer of the substance from the intermediary to the named deliveree. 767 S.W.2d at 768.

In the cause before us, Baker constructively delivered the cocaine to Wilson. Appellant assisted the commission of the offense by taking the cocaine from Baker and passing it on to Wilson. The jury could rationally find beyond a reasonable doubt that appellant was criminally responsible as a party to Baker's constructive transfer. Point of error one is overruled.

---

[1] Actually, the district court attempted to apply the law of parties to the facts in its general instructions. The court's instructions on the abstract law of parties included this paragraph: "A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he directs, aids or attempts to aid Tommy Baker in constructively delivering a controlled substance, namely cocaine to Eugene Wilson . . . ." We express no opinion as to whether, despite the formal application paragraph's silence, this instruction was sufficient to apply the law of parties to the facts of the case.

In point of error two, appellant contends the district court erred in its guilt charge by refusing to instruct the jury on the defense of entrapment as it related to the allegation that the offense took place on school premises. *See* Tex. Penal Code Ann. § 8.06 (West 1994). Appellant argues that he was entrapped into delivering the cocaine on school premises because it was the undercover police officers who chose the school parking lot as the location for the delivery. The State argues that the defense of entrapment relates only to the underlying criminal conduct and does not apply to an element that only serves to enhance punishment.

We need not decide this issue because the refusal of the entrapment instruction, if error, was harmless. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). The indictment also alleged appellant's two previous felony convictions for the purpose of enhancing his punishment. Appellant pleaded true to both allegations at the punishment stage of his trial. *See Wilson v. State*, 671 S.W.2d 524, 525 (Tex. Crim. App. 1984) (plea of true sufficient to prove enhancement allegation). Thus, the applicable range of imprisonment was twenty-five to ninety-nine years, or life, regardless of whether the offense was committed on school premises. *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2001).[2] Under the circumstances, a favorable finding on the requested entrapment issue would not have altered the applicable range of punishment. Point of error two is overruled.

Finally, appellant complains of the violation of an order in limine requiring that the admissibility of any extraneous offense be determined outside the jury's presence before being offered

---

[2] The punishment charge authorized the jury to assess a minimum term of fifteen years' imprisonment, and thus was more favorable to appellant than it should have been.

in evidence.  Appellant urges that this order was violated during Officer Wilson's testimony.  The record reflects, however, that appellant did not object to the testimony.  *See* Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a)(1).  A motion in limine, even if granted, does not in itself preserve error. *Harnett v. State*, 38 S.W.3d 650, 655 (Tex. App.—Austin 2000, pet. ref'd).  Point of error three presents nothing for review and is overruled.

The judgment recites that appellant was convicted of a first-degree felony.  In fact, delivery of one gram or more but less than four grams of cocaine is a second-degree felony even when committed on school premises.  *See Young v. State*, 14 S.W.3d 748, 751-53 (Tex. Crim. App. 2000) (reconciling conflicting amendments to section 481.134).  The judgment is therefore modified to reflect a conviction for a second-degree felony.  As modified, the judgment of conviction is affirmed.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Modified and, as Modified, Affirmed

Filed:   August 9, 2001

Do Not Publish

5