COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-415-CR

 

 

RICHARD LEE WILLIAMS                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT
COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  Introduction








Appellant Richard Lee Williams pleaded guilty to
aggravated assault with a deadly weapon and a jury sentenced him to sixty years=
confinement.  In two points, Williams
argues that the trial court abused its discretion in admitting certain
testimony and that, as a result, Williams=s Fifth
Amendment rights were violated.  We
affirm.

                          II.  Factual and Procedural Background

Williams, angry with his pregnant girlfriend,
Tanjeneka McClellan, for talking on the phone with the father of her child from
a previous relationship, cut and stabbed her multiple times with a kitchen
knife.  Because Williams pleaded guilty,
the only issue before the jury was punishment.

During the punishment trial, the State introduced
into evidence Williams=s history of violence toward
Tanjeneka.  The jury also heard, over
Williams=s
objections, testimony from Stanley Drzewiecki, a former army investigator, who
testified that Williams, while in the army some twenty-five years earlier, had
confessed to and been convicted of murdering his girlfriend who he believed to
be pregnant.  After hearing all the
evidence, the jury assessed Williams=s
punishment at sixty years= confinement.  This appeal followed. 

                                    III.  Standard of Review








A trial court=s ruling
on the admissibility of evidence is reviewed under an abuse of discretion
standard.  Moses v. State, 105
S.W.3d 622, 627 (Tex. Crim. App. 2003). 
If the trial court=s ruling was within the zone of
reasonable disagreement, there is no abuse of discretion.  Id. 
Further, a trial court=s
decision regarding admissibility of evidence will be sustained if correct on
any theory of law applicable to the case, even when the court=s
underlying reason for the decision is wrong. 
Romero v. State, 800 S.W.2d 539, 543B44 (Tex.
Crim. App. 1990) (citing Spann v. State, 448 S.W.2d 128 (Tex. Crim. App.
1969)).

                                    IV.  Rule 403 Objection

In his first point, Williams argues that the
trial court abused its discretion in allowing Drzewiecki=s
testimony because the danger of unfair prejudice substantially outweighed the
probative value of the testimony.

A.  Applicable Law

1. 
Preservation of Error

To preserve a complaint for our review, a party
must have presented to the trial court a timely request, objection, or motion
that states the specific grounds for the desired ruling if they are not
apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Mosley v.
State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999). 
Further, the trial court must have ruled on the request, objection, or
motion, either expressly or implicitly, or the complaining party must have
objected to the trial court=s
refusal to rule.  Tex. R. App. P.
33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).








To preserve error, a party must continue to
object each time the objectionable evidence is offered.  Fuentes v. State, 991 S.W.2d 267, 273
(Tex. Crim. App.), cert. denied, 528 U.S. 1026 (1999); Ethington v.
State, 819 S.W.2d 854, 858B59 (Tex.
Crim. App. 1991).  A trial court=s
erroneous admission of evidence will not require reversal when other such
evidence was received without objection, either before or after the complained
of ruling.  Leday v. State, 983
S.W.2d 713, 718 (Tex. Crim. App. 1998); Johnson v. State, 803
S.W.2d 272, 291 (Tex. Crim. App. 1990), cert. denied, 501 U.S. 1259
(1991), overruled on other grounds by Heitman v. State, 815 S.W.2d 681
(Tex. Crim. App. 1991).  This rule
applies whether the other evidence was introduced by the defendant or the
State.  Leday, 983 S.W.2d at
718.  However, this rule does not apply
if a defendant offers evidence identical to that which he objected to earlier
in order to rebut, destroy, or explain the previously admitted evidence.  Id. at 718B19; Rogers
v. State, 853 S.W.2d 29, 35 (Tex. Crim. App. 1993).

2. 
Admissibility of Evidence








When a defendant pleads guilty before a jury, the
proceeding becomes a unitary trial where the State may introduce evidence
allowing the jury to intelligently exercise discretion in the assessment of
punishment.  Carroll v. State, 975
S.W.2d 630, 631B32 (Tex. Crim. App. 1998).  Evidence of the defendant's criminal record,
his character, and his reputation is admissible.  See Basaldua v. State, 481 S.W.2d 851,
854 (Tex. Crim. App. 1972); see also Fuller v. State, 253 S.W.3d 220,
227 (Tex. Crim. App. 2008) (explaining that when a Adefendant
pleads guilty to a jury, the jury need not return any verdict of guilty,@ and
that the case Asimply proceeds with a unitary
punishment hearing@), cert. denied, ‑‑‑
S. Ct. ‑‑‑‑, 2009 WL 56317 (U.S. Jan. 12, 2009) (No. 08‑6624).

Evidence is relevant to punishment where it is Ahelpful
to the jury in determining the appropriate sentence for a particular defendant
in a particular case.@ 
Rodriguez v. State, 203 S.W.3d 837, 842 (Tex. Crim. App.
2006).  The evidence that may be admitted
in punishment Ais a function of policy rather
than a question of logical relevance,@ because
A[d]eciding
what punishment to assess is a normative process, not intrinsically factbound.@  Sunbury v. State, 88 S.W.3d 229, 233B34 (Tex.
Crim. App. 2002) (adding that one of the policy goals is to provide Acomplete
information for the jury to tailor an appropriate sentence@).








Under rule 403, however, otherwise relevant
evidence may be excluded if its probative value is substantially outweighed by
the danger of unfair prejudice.  Tex. R.
Evid. 403; see Sanders v. State, 255 S.W.3d 754, 760 (Tex. App.CFort
Worth 2008, pet. ref=d) (explaining that unfair
prejudice Aarises from evidence that has an
undue tendency to suggest that a decision be made on an improper basis,
commonly an emotional one@); Woodward v. State, 170
S.W.3d 726, 729 (Tex. App.CWaco
2005, pet. ref=d) (noting that Aunfair
prejudice@ does not exist where the
evidence merely Ainjures the opponent=s case@).  Therefore, under rule 403, we reverse a trial
court=s
decision to admit evidence rarely and only after a clear abuse of
discretion.  Mozon v. State, 991
S.W.2d 841, 847 (Tex. Crim. App. 1999). 
Factors considered in our analysis of an issue regarding rule 403 are
(1) the probative value of the evidence; (2) the potential to impress the jury
in some irrational, yet indelible, way; (3) the time needed to develop the
evidence; and (4) the proponent=s need
for the evidence.  See Erazo v. State,
144 S.W.3d 487, 489 (Tex. Crim. App. 2004).

B.  Analysis








During the trial on punishment, and over Williams=s
objections, the State called Drzewiecki to the stand to testify about a murder
that Williams had confessed to and been convicted of some twenty-five years
earlier.  Drzewiecki=s
testimony primarily focused on statements made by Williams to Drzewiecki during
the murder investigation.  Specifically,
Williams had told Drzewiecki that he had had an argument with his girlfriend
over her being pregnant and that he had hit her multiple times, had attempted
to strangle her with a scarf, and eventually had choked her to death with his
bare hands.

Prior to Drzewiecki=s
testimony, however, Tanjeneka testified, without objection, that Williams had
told her that he had previously been convicted for murdering a former
girlfriend whom he believed to be pregnant. 
Although Tanjeneka did not go into as much detail as Drzewiecki, the
majority of the information regarding the twenty-five-year-old murder was essentially
the same.  Therefore, because Williams
failed to object each time the evidence was admitted, he has failed to preserve
any error for our review.  Fuentes,
991 S.W.2d 267, 273.

Even assuming the issue was properly preserved,
we cannot conclude that the trial court abused its discretion by applying the
presumption of admissibility under rule 403 and admitting Drzewiecki=s
testimony.  See Tex. R. Evid. 403
(stating that to be excluded, the probative value of evidence must be
substantially outweighed by the danger of unfair prejudice); Hayes v. State,
85 S.W.3d 809, 815 (Tex. Crim. App. 2002).








The first of the four factorsCthe
strength of the evidence to make a fact of consequence more or less probableCweighs
strongly in favor of admissibility because the circumstances surrounding the
twenty-five-year-old murder and those surrounding the present charge are very
similar.  Further, as to the second and
third factors, the State limited the information provided to the jury by having
Drzewiecki briefly testify as to the facts surrounding the prior murder rather
than offering Williams=s detailed, written confession
into evidence.  Finally, Drzewiecki=s
testimony provided the jury with an understanding of Williams=s prior
history of violence towards women.  Erazo,
144 S.W.3d at 489B90.

Therefore, for these reasons, we hold that the
trial court did not abuse its discretion in admitting Drzewiecki=s
testimony and, accordingly, we overrule Williams=s first
point.

             V.  Fifth Amendment Protection Against
Self-Incrimination

In his second point, Williams argues that the
trial court abused its discretion in admitting Drzewiecki=s
testimony because, as a result of the testimony, he was compelled to testify on
his own behalf in violation of his Fifth Amendment rights.

A.  Applicable Law








It is fundamental that the State may not call the
defendant as a witness, nor may the defendant be compelled to testify at trial
and give evidence against himself.  Newton
v. State, 629 S.W.2d 206, 207 (Tex. App.CDallas),
rev'd on other grounds, 641 S.W.2d 530 (Tex. Crim. App. 1982); Bryan
v. State, 837 S.W.2d 637, 643 (Tex. Crim. App. 1992).  However, the defendant=s Fifth
Amendment right may be waived as long as that waiver is knowingly, voluntarily,
and intelligently made.  Bryan,
837 S.W.2d at 643; Brumfield v. State, 445 S.W.2d 732, 735 (Tex. Crim.
App. 1969).

When the defendant voluntarily testifies before a
jury, he is subject to the same rules that govern the direct and cross‑examination
of any other witness.  Bryan, 837
S.W.2d at 643.  He may therefore be Acontradicted,
impeached, discredited, attacked, sustained, bolstered up, made to give
evidence against himself, cross‑examined as to new matter, and treated in
every respect as any other witness testifying, except where there are
overriding constitutional or statutory prohibitions.@  Brown v. State, 617
S.W.2d 234, 236 (Tex. Crim. App. 1981); Bryan, 837 S.W.2d at 643.

B.  Analysis 








Here, Williams argues that because the trial
court allowed Drzewiecki to testify, he had no choice but to sacrifice his
right against self-incrimination in order to challenge the testimony.  However, Williams=s choice
to present his version of the facts does not violate his Fifth Amendment
rights.  See Soria v. State, 933
S.W.2d 46, 57 (Tex. Crim. App. 1996), cert. denied, 520 U.S. 1253 (1997)
(holding that no constitutional violation is presented by the fact that a
defendant makes the difficult choice of whether to testify on his own behalf); see
also Harrison v. United States, 392 U.S. 219, 222, 88 S. Ct. 2008,
2010 (1968) (holding that a defendant who chooses to testify waives his
privilege against compulsory self‑incrimination with respect to the
testimony he gives, and that waiver is no less effective or complete because
the defendant may have been motivated to take the witness stand in the first
place only by reason of the strength of the lawful evidence adduced against
him).

Furthermore, Williams=s
attorneys expressed on more than one occasion that it would be in his best
interest not to testify.  In fact, the
following conversation between Williams and his attorneys on whether he should
testify occurred on the record:

[Williams=s Attorney:]  And after that we=re at the point where the
Defense would probably rest and before we rest we have to decide whether or not
you want to want to [sic] testify.  I=m telling you I think it=s in your best interest
not to testify.

 

[Williams:]  Yes.

 

[Williams=s Attorney:]  You understand that?

 

[Williams:]  Yes, I do.

 

[Williams=s Attorney:]  Okay. 
And I believe Mr. Rowe [Williams=s other attorney] has also told you that he
thinks that you should not take the stand?

 

[Williams:]  Yes, he has.

 

[Williams=s Attorney:]  Okay. 
And that is still my advice.  You
understand that?

 

[Williams:]  I understand.








[Rowe:]  As is mine.

 

[Williams:]  Understood.

 

[Williams=s Attorney:]  On the other hand, we can=t keep you from taking
the stand if you feel compelled to.

 

[Williams:]  I=m very compelled to.

 

[Williams=s Attorney:]  That=s what you want to do against our advice?

 

[Williams:]  Yes, I do.

 

[Williams=s Attorney:]  And you understand you can change your mind
at any time?

 

[Williams:]  Yes.

 

[Williams=s Attorney:]  But that=s something that you decided you want to do?

 

[Williams:]  Yes, I do.

 

Based on the record before us, we hold Williams
knowingly, voluntarily, and intelligently took the stand on his own behalf and
therefore effectively waived his protections against self-incrimination.  See Mullane v. State, 475 S.W.2d 924,
926 (Tex. Crim. App. 1971) (holding that when a defendant takes the stand on
his own behalf and is represented by counsel, courts presume that he does so
voluntarily and with full knowledge of his rights); Bryan, 837 S.W.2d at
643.  Accordingly, we overrule Williams=s second
point.








                                          VI.  Conclusion

Having overruled both of Williams=s
points, we affirm the trial court=s
judgment.

 

 

BOB
MCCOY

JUSTICE

 

PANEL: LIVINGSTON and
MCCOY, JJ.; and WILLIAM BRIGHAM, J. (Senior Justice, Retired, Sitting by
Assignment).

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: January 15,
2009

 











[1]See Tex. R. App. P. 47.4.