

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0099-23

**JEMADARI CHINUA WILLIAMS, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FOURTH COURT OF APPEALS KERR COUNTY

**NEWELL, J., filed a dissenting opinion in which WALKER, J., joined.**

The Sixth Amendment of the Constitution of the United States provides in part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation."[1] Section 10 of Article 1 of the Texas Constitution states

---

[1] U.S. CONST. amend. VI.

in part: "In all criminal prosecutions the accused shall have . . . the right to demand the nature and cause of the accusation against him, and to have a copy thereof."[2]  Article 21.02(7) of the Code of Criminal Procedure requires that a charging instrument set forth the offense "in plain and intelligible words."[3]

All these provisions make clear that a criminal defendant has both a constitutional and statutory right to notice of what crime the State intends to prosecute him for.  It has long been the case that in most cases, a charging instrument that tracks the relevant statutory text will provide adequate notice to the accused.[4]  But tracking the language of the statue may be insufficient if the statutory language is not "completely descriptive of an offense."[5]  If the prohibited conduct is statutorily defined to include more than one manner or means of commission, the State must, upon timely request, allege the particular

---

[2] Tex. Const. art. I, § 10.

[3] Tex. Code Crim. Pro. Ann. art. 21.02.

[4] *State v. Ross*, 573 S.W.3d 817, 820 (Tex. Crim. App. 2019); *see also Olurebi v. State*, 870 S.W.2d 58, 62 (Tex. Crim. App. 1994) (generally, an indictment that tracks the statutory language will survive a motion to quash if it is completely descriptive of the offense).

[5] *Curry v. State*, 30 S.W.3d 394, 398 (Tex. Crim. App. 2000); *see also Ross*, 573 S.W.3d at 820 ("tracking the language of the statute may be insufficient if the statutory language is not 'completely descriptive' of an offense").

manner or means it seeks to establish.[6] And while I agree that the State is entitled to prosecute a criminal defendant under multiple different theories for the same crime, the State can only do so if it believes it has evidence to support those theories. If the State does not believe it has evidence to support every theory alleged, it must elect which theories it thinks it can prove. Under the Court's holding today, the State no longer needs to be sure of the facts of the case before charging every possible theory.

Notably, we rejected the argument in *Ferguson v. State* that the State can reflexively allege every possible statutory manner and means disjunctively.[7] In *Ferguson*, the State charged the defendant with delivery of a controlled substance but failed to allege in the indictment which statutory definition of "delivery" it intended to rely upon.[8] The State argued that a defendant would be on no greater

---

[6] *State v. Barbernell*, 257 S.W.3d 248, 251 (Tex. Crim. App. 2008); *see also State v. Edmond*, 933 S.W.2d 120, 128-129 (Tex. Crim. App. 1996) ("where a criminal statute possesses statutorily-defined, alternative methods of committing an offense, then upon timely request, a defendant is entitled to an allegation of which statutory method the State intends to prove"); *see, e.g.*, *Saathoff v. State*, 891 S.W.2d 264, 266 (Tex. Crim. App. 1994) ("if properly requested, the definition(s) of intoxication required for involuntary manslaughter must be alleged in the indictment").

[7] *Ferguson v. State*, 622 S.W.2d 846, 851 (Tex. Crim. App. 1980) ("[A]ssuming that the State did elect to allege each type of criminal conduct, the appellant would be on notice that all types of delivery were going to be shown, or were possibly going to be shown, and he could prepare his defense accordingly. If not, the appellant would be left to guess or assume that the State was going to prove one or all the types of conduct.").

[8] *Id*. at 848.

notice than if the State had only alleged "delivery" without listing any statutory definitions.[9]  As we explained:

> We do not agree. Initially, the State's argument assumes that the State would allege all three types of delivery. The prosecution, aware that the evidence would only support one type of delivery, may elect to allege only that type of delivery.[10]

In other words, *Ferguson* recognized that the State, by merely pleading "delivery," could have overcharged beyond the available proof.  I see no difference between that situation and one in which the State alleges every possible statutory manner and means for an offense without regard to whether the evidence supports it.

In this case, Appellant's indictment tracked the statutory language which means the State alleged all six possible manner and means for the offense of aggravated promotion of prostitution.[11] Several of the manner and means alleged in Appellant's indictment, such as "controls," "supervises," "manages," "invests in," and "finances," are undefined terms of variable meaning.[12]  How is the

---

[9] *Id*. at 851.

[10] *Id*.

[11] Tex. Pen. Code Ann. § 43.04 ("A person commits an offense if he knowingly owns, invests in, finances, controls, supervises, or manages a prostitution enterprise that uses two or more prostitutes.").

[12] *See, e.g.*, *State v. Mays*, 967 S.W.2d 404, 407 (Tex. Crim. App. 1998) ("A statute which uses an undefined term of indeterminate or variable meaning requires more specific

defense supposed to know what differentiates "supervises" from "manages" or "invests in" from "finances" unless the State picks one? Given the indefinite meaning of these terms, the State's refusal to clarify which manner and means it intended to prove failed to provide Appellant with adequate notice of the charges against him.[13]

The State's pleading in Appellant's case created the same uncertainty as the indictment in *Ferguson*. At a pre-trial hearing on Appellant's motion to quash, the State repeatedly stated it was not required to specify which manner and means it intended to prove but that the facts at trial would bear out which manner and means applied:

> "[T]here is nothing that says that you have to force me to pick which one of these that I'm going to go by. Obviously, they felt like they wanted to include these as a means for me to go at [sic] a prostitution enterprise. I would also say that the facts will bear out which one it is, control, supervise or manage or invest in or whatever. They are all somewhat connected with overall control. That being said, there is nothing that indicates or no case law or anything

---

pleading in order to notify the defendant of the nature of the charges against him. Likewise, when a statute defines the manner or means of commission in several alternative ways, an indictment will fail for lack of specificity if it neglects to identify which of the statutory means it addresses."); *Olurebi*, 870 S.W.2d at 62 (since credit card may be "fictitious" in two ways, indictment must notify defendant which way is charged).

[13] *See, e.g.*, *Curry*, 30 S.W.3d at 398 ("An indictment is generally sufficient to provide notice if it follows the statutory language. But tracking the language of the statute may be insufficient if the statutory language is not completely descriptive, so that more particularity is required to provide notice.").

for you to utilize that would make me have to pick which one of those."[14]

This was the State's approach in *Ferguson*, and we rejected it.[15] In *Ferguson*, we held the indictment deficient because it left the defense to guess or assume that the State was going to prove one or all the types of conduct.[16] As mentioned above, if the prohibited conduct is statutorily defined to include more than one manner or means of commission, then the State must, upon timely request by the defendant, allege the particular manner or means it seeks to establish. Appellant timely requested notice of which manner and means the State intended to prove, and while the State was not required to elect only one manner and means, it was required to elect the manner and means that were supported by the evidence.[17] The State essentially responded, "you can't make me tell you." Until today, the State was wrong.

Perhaps the Court means that because the State was required to elect which theory it intended to prove and it did not do so, that meant

---

[14] 7 R.R. 21.

[15] *Ferguson*, 622 S.W.2d at 851.

[16] *Id*.

[17] It is worth noting that at trial the State did not present evidence supporting every manner and means alleged. The State's prosecuted Appellant under the theory that Appellant controlled, supervised, or managed the prostitution enterprise at issue. It did not present evidence that Appellant, owned, invested in, or financed the enterprise.

the State elected to prove all six theories. That would be more palatable than categorically discarding *sub silentio* the requirement that the State elect which statutory manner and means it intends to prove when a defendant timely requests that information. But the record in this case suggests that the State was not intending to prove every statutory manner and means; it was filing the broadest possible indictment without regard to whether the facts would support all six manner and means alleged. I believe this runs afoul of *Ferguson* and its progeny.

With these thoughts, I dissent.

Filed: January 10, 2024

Publish