## LOTTIE HOLDEN v. THE STATE.

### No. 2613.   Decided January 14, 1903.

**1.—Service of Copy of Indictment—Right to.**

The articles of our Code of Criminal Procedure, 540 and 541, which provide that in all felony cases the accused, when arrested or in custody, shall be served with a certified copy of the indictment against him, are mandatory and must be complied with unless the right thereto has been waived by defendant. The service must have been made two entire days before trial.

**2.—Same.**

The fact that defendant had been released for a few hours upon bond, when she was rearrested and confined in jail, did not deprive her of her right to be served with a copy of the indictment.

**3.—Theft from the Person—Privileged Communications to Attorney.**

On a trial for theft from the person, where the purpose of the State was to show that the amount of money in possession of defendant corresponded with the money taken from the prosecutor, it was not competent, in order to prove this fact, to require her attorney to testify that when defendant employed him she gave him two $5 bills. The testimony comes within the rule of a privileged communication to her attorney and was inadmissible.

Appeal from the Criminal District Court of Dallas.   Tried below before Hon. Charles F. Clint.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

Appellant was indicted for the theft of money from the person of John Dalton, on the 17th day of September, 1902.

No statement required.

*Thomas & Spellman*, for appellant.

*Rob't A. John*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of theft from the person, and her punishment assessed at two years' confinement in the penitentiary; hence this appeal.

The first question presented for our consideration is the refusal of the court to have defendant served with a copy of the indictment two days before she was brought to trial. The bill shows that at the time of the presentation of the indictment by the grand jury against appellant she was in custody. She continued in custody until the 25th of September, on which date she gave bond and was released. This was about 2:30 o'clock p. m. of said date. Thereafter, on the night of said day, defendant was rearrested and confined in jail, where she has since been. The case was set down for trial on the following day, September 26th. When the case was called defendant objected to making any announcement or going to trial, because she had not been served with copy of the indictment, and then demanded and requested that she be served with copy thereof, which objection was by the court overruled. Defendant then made the further objection that there had been no regular jury drawn for the week, and objected to going to trial by a picked-up

jury. The court thereupon postponed the trial until the 29th of September. On said day the case was again called for trial, and defendant again interposed the objection that she had not been served with copy of the indictment, and against requested that she be served with a copy. This objection was by the court overruled and refused, and defendant forced to go to trial without having at any time a copy of said indictment served upon or delivered to her, and without ever having waived such service or delivery. We understand the statute on this subject (articles 540, 541, Code of Criminal Procedure) to be mandatory; and, as indicated by a succeeding statute (article 567, Code of Criminal Procedure), the object of this was to afford defendant the opportunity to examine the case in order to file written pleadings. Article 540, supra, requires the court in every case of felony, when the accused is in custody, etc., to have the clerk, when the indictment is presented, make out a certified copy of the same and deliver it to the sheriff, who is required to serve the same on defendant. Article 542 provides that it is not necessary to serve defendant with a copy of the indictment when he is on bail at the time the indictment is presented, but it also authorizes a copy of the indictment to be served when requested by defendant or his counsel. Articles 567 and 568 indicate that the purpose of this service of a copy of the indictment was to allow two entire days after the arrest of defendant, and after service of copy of the indictment, in which to prepare and file written pleadings. Article 546 provides that no arraignment shall take place until the expiration of at least two entire days after the service of a copy of the indictment, unless the same has been waived. In Evans v. State, 36 Texas Crim. Rep., 32, it was held that this was a right guaranteed defendant in all cases, and it was not necessary for him, in order to protect himself in this guaranty, that he make known to the court what character of written pleadings he might desire to present, or that he desired to present any written pleadings; that service of copy of the indictment was required in the first instance; and that two entire days were allowed thereafter to afford defendant the opportunity to prepare for trial, to examine the legal questions involved in the case, and to determine whether any written pleadings are necessary, and to decide upon his course as to the trial of the case; and for the refusal of the court to recognize this right that case was reversed. We see no difference between that case and the one at bar, except in this case it does appear that appellant was released on bail for a short time after her original arrest under the indictment, but that she was subsequently recommitted. It does not occur to us that this, under the statute, would alter or change appellant's rights. The court was not authorized to refuse or ignore this statutory right of appellant.

Appellant also excepted to the action of the court, requiring M. C. Cullen, an attorney at law, and who had previously represented defendant in this case as her counsel and attorney, to testify that when defendant employed him she gave him $10 as a fee. She paid him two $5 bills.

This was objected to on the ground that it was a privileged communication between attorney and client. The court overruled this objection, and witness was compelled to testify as above stated. This testimony should not have been admitted. There is no dispute as to the relation of attorney and client, and the evidence introduced was a fact transpiring by virtue of that employment. The tendency of decisions is to authorize the fullest latitude in order to protect a client against any character of communication between him and his attorney transpiring by virtue of that employment, and which may be used to his detriment. And it has been expressly held that it does not matter whether the information has been derived from a client's words, actions, or personal appearance. Thus, where a case was on trial for stealing a quantity of current silver coin, it was held error to compel his attorney to testify to the fact that he had received silver coin as a part of his retainer. Underhill, Crim. Ev., p. 215, sec. 172, and authorities there cited. This citation illustrates the principle upon which this character of testimony is excluded. Here the evidence was used, not for the purpose of identifying the specific money, but to show that the amount found in possession of the appellant corresponded with the amount stolen from prosecutor; that is, it was testimony of an inculpatory character brought out from her attorney, which he could only have known by virtue of his employment.

It is not necessary to discuss the other assignments, but for the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*