NO. 07-00-0449-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 31, 2001



______________________________




IN RE ESTATE OF MAMIE HOLMES WILLIAMS, DECEASED



_________________________________



FROM COUNTY COURT AT LAW NO. 3 AND 


PROBATE COURT OF BRAZORIA COUNTY;



NO. 20,456; HONORABLE JAMES BLACKSTOCK, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ORDER ON APPELLANT'S MOTION FOR EXTENSION OF TIME


 From a summary judgment in favor of Tommy L. Bradshaw, Freddie Chizer
perfected this appeal. In 1994, Bradshaw, a cousin of the deceased, applied for probate
of the holographic will of Mamie Holmes Williams to be admitted as a muniment of title. 
After the trial court ordered the will admitted, Raymond Chizer, Freddie's brother, filed a
will contest in 1998, followed by Freddie's petition in intervention which was filed on
February 18, 2000. The clerk's record was filed on September 29, 2000, and the reporter's
record was filed on March 2, 2001. Freddie's brief was due to be filed on April 2, 2001. 
The brief was received on May 21, 2001, and a subsequent motion for extension of time
was filed explaining that counsel's illness and incapacitation caused the delay. Counsel
further stated in the motion that the "parties have agreed to this motion." Bradshaw filed
an opposition to Freddie's motion contending the motion (1) did not comply with Rule
10.5(b) of the Texas Rules of Appellate Procedure; (2) contained inaccurate
representations because no agreement or consent was given by Bradshaw's counsel for
the motion; and (3) did not recite facts relied upon to reasonably explain the need for an
extension. 

 Therefore, we now direct Mr. Everett McClain, counsel for Freddie Chizer, to amend
his motion for extension of time to include (1) a certificate of conference pursuant to Rule
10.1(a)(5)of the Texas Rules of Appellate Procedure; (2) counsel's affidavit reciting the
facts of his particular illness and incapacitation responsible for the delay; and (3) a letter
of confirmation from a physician or treatment center regarding such illness or
incapacitation. Counsel shall have ten days in which to file his motion for extension of
time. Opposing counsel, Mr. Gregory L. Donnell, shall then have ten days thereafter to file
his opposition, if any.

 It is so ordered.

 Per Curiam

Do not publish.



ulating appellant's sentence. 

Witness Lists


 The State is required to give notice of its intended witnesses when requested. 
Martinez v. State, 867 S.W.2d 30, 39 (Tex.Crim.App. 1993). The standard of review for
the decision of the trial court to allow non-identified witnesses to testify is abuse of
discretion. See Nobles v. State, 843 S.W.2d 503, 514 (Tex.Crim.App. 1992). In reviewing
the decision to allow the witnesses to testify, the reviewing court considers a number of
factors including bad faith on the part of the prosecutors in failing to disclose the name of
the witnesses ahead of time and whether the defendant could reasonably anticipate the
witnesses would testify. Id. at 514-15.

 The record before us shows that the State filed on February 28, 2005, a request for
subpoenas with the District Clerk for all witnesses that subsequently testified. When the
first trial setting did not result in a trial, the State filed an identical request on May 3, 2005. 
Initially, the State takes the position that the request for subpoenas was the same as
providing a witness list to appellant. However, the State cites no authority for this
proposition. The record clearly shows that a witness list was not provided to the appellant. 
However, appellant does not direct us to anything in the record that shows the State's
failure to produce a list of witnesses was due to any bad faith on part of the State's
attorneys. Id. at 514. Likewise, appellant never claims, nor does the record show, that the
State's failure to list the witnesses resulted in surprise or an inability to reasonably
anticipate that the witnesses would testify. Id. 

 In fact, a review of the record shows that counsel for appellant had open access to
the entire State's file before trial. Counsel for appellant agreed with that proposition during
the hearing on the objection to the witnesses' testimony. During the same hearing, counsel
for appellant likewise agreed he had seen the State's list of subpoenaed witnesses several
times prior to the trial date. In fact, counsel stated to the Court, "Had they run off - taken
time to run off another copy of their subpoena list and given it to me, I don't think I could
be standing here saying this, but they didn't even go to that trouble." When questioned
about claims of undue surprise, counsel for appellant stated, "That's not my objection." 
Finally, at no point after the trial court overruled his objection did appellant request a
continuance to interview or otherwise question the witness. Barnes v. State, 876 S.W.2d
316, 328 (Tex.Crim.App. 1994). Considering all of the facts, we conclude that the ruling
of the trial court was not an abuse of discretion. (2) 

 As appellant has failed to show that the State acted in bad faith or that he was
unduly surprised by the State's witnesses, we overrule his first issue.

Introduction of Handgun


 Appellant next contends that the trial court erred when it allowed the introduction of
a handgun that was similar to the handgun allegedly used in the robbery. Appellant was
indicted for the offense of aggravated robbery, pursuant to section 29.03 of the Texas
Penal Code, which provides, "(a) A person commits an offense [of aggravated robbery] if
he commits robbery as defined in Section 29.02, and he: . . . (2) uses or exhibits a deadly
weapon;. . . ." (3) Tex. Pen. Code Ann. § 29.03 (Vernon 2005). 

 Section 29.02 provides that: 

(a) A person commits an offense [of robbery] if, in the course of committing
theft as defined in Chapter 31 and with intent to obtain or maintain control of
the property, he:


(1) intentionally, knowingly, or recklessly causes bodily injury to
another; or


(2) intentionally or knowingly threatens or places another in fear of
imminent bodily injury or death.


§ 29.02. The State alleged, in its indictment, that appellant

while in the course of committing theft of property and with intent to obtain
or maintain control of said property, [did] intentionally or knowingly threaten
or place LESLIE VANCE in fear of imminent bodily injury or death, and the
defendant did then and there use or exhibit a deadly weapon, to-wit: a
firearm. . . .


A firearm is "per se" a deadly weapon for purposes of aggravated robbery. Young v. State,
806 S.W.2d 340, 343 n.1 (Tex.App.-Austin 1991, pet. ref'd). It is clear from a review of
the statutes that the only difference between robbery and aggravated robbery, as alleged
in the indictment, is the use or exhibition of a firearm. Compare § 29.03 with § 29.02. After
hearing the evidence and arguments of counsel, the jury returned a verdict of guilty as to
the lesser included offense of robbery. The effect of the verdict was the rejection of the
State's proof on the issue of the use or exhibition of a firearm. Therefore, even if we
assume, arguendo, that the admission of the handgun as demonstrative evidence was
error, there is no reasonable possibility that the demonstrative exhibit contributed to the
conviction or affected the punishment assessed. Johnson v. State, 660 S.W.2d 536, 538
(Tex.Crim.App. 1983). The jury so found by its verdict. Appellant's second issue is
overruled.

Lesser Included Offense - Theft


 Appellant next contends that the trial court erred when it failed to charge the jury on
the lesser included offense of theft. Initially, we note that theft is a lesser included offense
of robbery. See Campbell v. State, 571 S.W.2d 161, 162 (Tex.Crim.App. 1978). However,
the fact that theft is a lesser included offense is only the first step in the analysis to
determine if a lesser included charge is required. Additionally, there must be some
evidence in the record that would permit a jury rationally to find that if the defendant is
guilty, he is guilty only of the lesser included offense. Lofton v. State, 45 S.W.3d 649, 651
(Tex.Crim.App. 2001). When a defendant either presents evidence that he committed no
offense or presents no evidence and there is no evidence otherwise showing that he is
guilty only of a lesser included offense, then a charge on a lesser included offense is not
required. Id. at 652.

 In the case before this court, the State alleged that appellant placed Leslie Vance
in fear of imminent bodily injury or death. (4) Therefore, the State was required to prove that
the victim's fear was reasonable under the circumstances. Welch v. State, 880 S.W.2d
225, 227 (Tex.App.-Austin 1994, no pet.) To meet this burden, the State offered the
testimony of Leslie Vance and the affidavit of Geovany Ortega, the two attendants present
during the robbery. Each attendant told of being forced to lie down on the floor and of
being threatened by appellant. From this record the question becomes whether there is
any evidence that would permit a jury to rationally find that the appellant did not
intentionally or knowingly commit an act that placed the victims in reasonable fear of
imminent bodily injury. Lofton, 45 S.W.3d at 651. It is not enough that the jury may
disbelieve some evidence pertaining to the greater offense, rather there must be some
evidence directly germane to a lesser included offense for the factfinder to consider before
an instruction on a lesser included offense is warranted. Cantu v. State, 939 S.W.2d 627,
646 (Tex.Crim.App. 1997).

 From the record before us there is no evidence that appellant, if guilty, was guilty
only of the lesser included offense of theft. Accordingly, appellant's third issue is
overruled.

Cumulative Sentences


 Appellant's last contention is that the trial court erred in cumulating his sentence with
another conviction. Appellant's sole contention is that he was given no notice of the State's
intent to request the court to cumulate the sentences and was, therefore, denied due
process. The applicable statute provides that the decision to cumulate sentences for a
defendant with multiple convictions is in the discretion of the trial court. Tex. Code Crim.
Proc. Ann. art. 42.08 (Vernon Supp. 2005). The statute makes no provision for notice to
either the State or the appellant of the intent of the trial court to cumulate the sentences. 
Additionally, the Texas Court of Criminal Appeals has answered appellant's assertion,
finding that the statute is constitutional and that article 42.08 does not deprive appellant
of due process. Hammond v. State, 465 S.W.2d 748, 752 (Tex.Crim.App. 1971). 
Appellant has cited this court to no competent authority. Accordingly, the fourth issue is
overruled.

Conclusion


 Having overruled appellant's four issues, the trial court's judgment is affirmed. 


 Mackey K. Hancock

 Justice




Do not publish. 

1. The complaining witness' name at the time of trial was Leslie Martin, however, she
is referred to throughout appellant's and the State's briefs as Leslie Vance.
2. 
 
 
 
 ' - 
 - '
3. Further reference to the provisions of the Texas Penal Code will be by reference
to "§ __."
4. The jury having discounted the deadly weapon by its verdict.