# NO. 12-15-00233-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES EDWARD MULLINNIX, III,* *APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

James Edward Mullinnix, III appeals his conviction for aggravated robbery with a deadly weapon, for which he was sentenced to imprisonment for seventy years. In two issues, Appellant argues the evidence is insufficient to support the jury's verdict and his sentence amounted to cruel and unusual punishment. We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated robbery with a deadly weapon and pleaded "not guilty." The matter proceeded to a jury trial. The jury found Appellant "guilty" as charged and assessed his punishment at imprisonment for seventy years. The trial court sentenced Appellant accordingly, and this appeal followed.

## EVIDENTIARY SUFFICIENCY

In his first issue, Appellant argues that the evidence is insufficient to support his conviction for aggravated robbery.

**Standard of Review**

The ***Jackson v. Virginia***[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See **Brooks v. State***, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See **Jackson***, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also **Escobedo v. State***, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; *see also **Johnson v. State***, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; ***Johnson***, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See **Tibbs v. Florida***, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See **Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." ***Id.***

In order to demonstrate that Appellant was guilty of aggravated robbery, the State was required to prove beyond a reasonable doubt that Appellant (1) during the course of committing a theft,[2] (2) and with intent to obtain or maintain control of the property, (3) intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death, and (4) used or exhibited a deadly weapon. *See* TEX. PENAL CODE ANN. §§ 29.02(a), 29.03(a)(2), 31.03 (West 2011 & Supp. 2015).

---

[1] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

[2] A person commits theft if he unlawfully appropriates property with intent to deprive the owner of the property. *See* TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2015). Appropriation of property is unlawful if it is without the owner's effective consent. ***Id.*** at §31.03(b) (West Supp. 2015).

**Analysis**

In the instant case, David Gross, the victim, testified at trial. Gross testified that he discovered Appellant and two other men inside a house he owned and that one of the men told Gross they were "scrapping." Gross further testified that the men had loaded property of his into their truck. According to Gross, he followed the men to their truck and attempted to stop them from leaving. Gross stated that when he reached into the truck to grab the keys, Appellant brandished a pistol, pointed it in Gross's face, and twice pulled the trigger.[3] Gross further stated that, at this moment, he was afraid he going to die. Gross testified that Appellant and the other two men fled the scene and he followed them in his vehicle. Gross further testified that after Appellant and one of the other men were apprehended by police, he was able to identify some of his property found in Appellant's possession—a pocket watch and a fishing lure.

We have reviewed the record in the light most favorable to the jury's verdict. Based on that review, with due consideration given to Gross's testimony, we conclude that the jury reasonably could have found beyond a reasonable doubt that Appellant committed aggravated robbery and, in the course thereof, exhibited a firearm. Therefore, we hold that the evidence is legally sufficient to support the jury's verdict. Appellant's first issue is overruled.

**CRUEL AND UNUSUAL PUNISHMENT**

In his second issue, Appellant argues that his seventy year sentence amounts to cruel and unusual punishment. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, failed to preserve any such error. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); *see also* TEX R. APP. P. 33.1; *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009). ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] . . . it [is] incumbent upon the [c]ourt itself to take up error preservation as a threshold issue."). But even despite Appellant's failure to preserve error, we conclude that the sentence about which he complains does not constitute cruel and unusual punishment.

---

[3] A firearm is per se a deadly weapon. *Young v. State*, 806 S.W.2d 340, 343 n.1 (Tex. App.–Austin 1991, pet. ref'd).

The Eighth Amendment to the Constitution of the United States provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing *Robinson v. California*, 370 U.S. 660, 666–67, 82 S. Ct. 1417, 1420–21, 8 L. Ed. 2d 758 (1962)).

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664.

In the case at hand, Appellant was convicted of aggravated robbery with a deadly weapon, the punishment range for which is five to ninety-nine years, or life. *See* TEX. PENAL CODE ANN. §§ 12.32(a), 29.03(b) (West 2011). Thus, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant urges the court to perform the three part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g., McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).

We first must determine whether Appellant's sentence is grossly disproportionate. In so doing, we are guided by the holding in *Rummel v. Estell*, 445 U.S. 263, 100 S. Ct. 1133, 63 L.

4

Ed. 2d 382 (1980). In ***Rummel***, the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 285, 100 S. Ct. at 1145.

In the case at hand, the offense committed by Appellant—aggravated robbery with a deadly weapon—is far more serious than the combination of offenses committed by the appellant in ***Rummel***, while Appellant's sentence is no more severe than the life sentence upheld by the Supreme Court in ***Rummel***. Thus, it is reasonable to conclude that if the sentence in ***Rummel*** was not unconstitutionally disproportionate, then neither are the sentences assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the ***Solem*** test. Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered July 29, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 29, 2016

NO. 12-15-00233-CR

**JAMES EDWARD MULLINNIX, III,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. 31982)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*