Larry DODSON, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–89–836–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 1, 1990.

Discretionary Review Refused
Feb. 13, 1991.

Ken J. McLean, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before PAUL PRESSLER, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a conviction for unauthorized use of a vehicle in which the jury found appellant guilty and sentenced him to incarceration for forty years enhanced by two prior felonies. In two points of error, appellant complains of the sufficiency of the evidence and the failure of the trial court to quash his indictment for insufficient notice. We affirm.

In his first point of error, appellant argues that the evidence was insufficient to sustain his conviction in that it failed to show that appellant operated a motor vehicle without the effective consent of the complainant. To sustain a conviction for unauthorized use of a vehicle, the evidence must show that appellant "intentionally or knowingly operate[d] another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner." TEX. PENAL CODE ANN. § 31.07(a) (Vernon 1989). In reviewing a sufficiency of the evidence point, the test is whether, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). We find the record contains ample evidence to support the conviction.

The evidence adduced at trial reflects that Ms. Sara Sanders, the complainant, would occasionally pay appellant to wash her car. Appellant would come to the complainant's house, take the automobile to a car wash, clean it, and return it. On the evening of March 8, 1989, appellant went to the complainant's house at her request and picked up the car to have it cleaned. He also received a check as advance payment from the complainant's housekeeper. When appellant failed to return the car that night, the complainant reported the car as stolen to the La Porte Police Department. Approximately ten days later, appellant telephoned the complainant, told her the automobile was in good shape, and offered to bring the car back if she would not press charges. She told appellant to leave the car in a parking lot with the keys locked inside and she would retrieve it with her extra set of keys. Appellant did not comply with this request. About one week following his phone call to the complainant, two Houston police officers observed appellant driving a car without its headlights on in the early morning hours. When the officers activated their emergency lights, appellant accelerated and attempted to elude them. Following a short chase, appellant lost control of the vehicle and crashed into a ditch. The police verified that the car was reported stolen and placed appellant under arrest for unauthorized use of a vehicle.

The indictment alleged that appellant committed the offense "on or about March 26, 1989." Appellant argues that the complainant's earlier request to leave the car in a parking lot validated appellant's subsequent use of the car because it was in close proximity to the alleged nonconsensual use of the automobile on March 26, 1989. Admittedly, appellant would need to drive the automobile a limited distance in order to

return it to the complainant. However, the complainant's request to return the car to her in La Porte gave appellant no authority to keep the car for almost another week or to drive it in Houston on the night he was arrested. Nor did the complainant's request validate or excuse appellant's prior unauthorized use. The evidence shows that the complainant only gave appellant consent for the sole purpose of leaving the car in a parking lot so that she could retrieve it. Further, the complainant specifically testified that she did not tell appellant that he could drive around in the car until he was ready to return it. We overrule point of error number one.

■ In his second point of error, appellant argues that the trial court erred in refusing to quash the indictment that failed to specifically allege the manner of deception relied on to negate consent. Appellant was originally indicted for the unauthorized use of a vehicle "without the effective consent of the Complainant." The trial court granted appellant's motion to quash the indictment because the State failed to give notice of how the consent was ineffective. The applicable statute reads as follows:

"Effective consent" includes consent by a person legally authorized to act for the owner. Consent is not effective if:

(A) induced by deception or coercion;

(B) given by a person the actor knows is not legally authorized to act for the owner;

(C) given by a person who by reason of youth, mental disease or defect, or intoxication is known by the actor to be unable to make reasonable property dispositions; or

(D) given solely to detect the commission of an offense.

TEX.PENAL CODE ANN. § 31.01(4) (Vernon 1989).

The State subsequently re-indicted appellant with the amended indictment alleging that appellant intentionally and knowingly operated a vehicle "without the effective consent of the Complainant, namely, the consent was induced by deception on the part of the Defendant." Appellant then filed a second motion to quash alleging that the new indictment was defective because it did not specifically state the type of deception employed by appellant. Appellant argued that he needed to have notice of which of the statutory definitions of deception the State was going to proceed on at trial. The Penal Code states:

"Deception" means:

(A) creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true;

(B) failing to correct a false impression of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true;

(C) preventing another from acquiring information likely to affect his judgment in the transaction;

(D) selling or otherwise transferring or encumbering property, without disclosing a lien, security interest, adverse claim, or other legal impediment to the enjoyment of the property, whether the lien, security interest, claim, or impediment is or is not valid, or is or is not a matter of official record; or

(E) promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend to perform or knows will not be performed, except that failure to perform the promise in issue without other evidence of intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed.

TEX.PENAL CODE ANN. § 31.01(2) (Vernon 1989).

The trial court denied appellant's second motion after evidence at the pre-trial hearing on appellant's motions showed that defense counsel had notice of the type of appellant's alleged deception through access to the State's files and interviews with the State's witnesses.

Appellant acknowledges the general rule that if a term is statutorily defined, it need not be further alleged in the indictment. *Thomas v. State*, 621 S.W.2d 158, 161 (Tex.Crim.App.1980) (en banc) (opinion on reh'g). However, appellant argues that this case falls under an exception to the general rule as stated in *Geter v. State*, 779 S.W.2d 403 (Tex.Crim.App.1989) (en banc). There, the court of criminal appeals stated that "where the statutory term goes to an act or omission of the defendant and the definition provides for more than one manner or means to commit that act or omission, then upon timely request, the State must allege the particular manner or means it seeks to establish." *Id.* at 405. Thus, an indictment must allege which statutory negative vitiated consent in a theft prosecution if the State relies upon a defendant's act or omission to negate consent pursuant to TEX.PENAL CODE ANN. § 31.01(4) (Vernon 1989).

The rule requiring notice of acts or omissions allegedly committed by the defendant has been applied in cases dealing with statutes other than TEX.PENAL CODE ANN. § 31.01(4) (Vernon 1989). *See e.g., Garcia v. State*, 747 S.W.2d 379 (Tex.Crim.App. 1988) (en banc); *Gorman v. State*, 634 S.W.2d 681 (Tex.Crim.App.1982); *Ferguson v. State*, 622 S.W.2d 846 (Tex.Crim.App. 1981). The line of reasoning common to all these cases is that the defendant is not required to anticipate the "variant facts the State might hypothetically seek to establish...." *Id.* at 848 (quoting *Drumm v. State*, 560 S.W.2d 944, 947 (Tex.Crim.App. 1977)).

However, we are also mindful that the court of criminal appeals has attached a qualifier to appellate review of these types of cases. As stated in *Geter:*

> Moreover, simply because an indictment fails to convey some requisite item of notice does not necessarily require reversal of a conviction. Under such circumstances, appellate courts are to look to whether, in the context of the case, failure to give that notice had an impact on the defendant's ability to prepare a defense and, if so, how great an impact it was. *Adams v. State*, 707 S.W.2d 900, 903 (Tex.Crim.App.1986).

*Geter v. State*, 779 S.W.2d at 407. We also note that the *Geter* court professed no opinion on the ultimate disposition of the issue, but merely remanded the case to the court of appeals for review on a contextual basis. *Id.*

Reviewing the issue of notice in the context of the case before us, we find that appellant's ability to prepare a defense was not hindered by the trial court's failure to quash the second indictment and require the State to specify the exact definition of "deception" it planned to proceed on at trial under TEX.PENAL CODE ANN. § 31.01(2). We also find that the impact on appellant, if any, was negligible. *Adams v. State*, 707 S.W.2d 900, 903 (Tex.Crim.App.1986) (en banc). At the hearing on appellant's second motion to quash the indictment, defense counsel stated that he had met informally with the prosecutor who let him "read through his file *on several occasions.*" (emphasis added). Further, defense counsel had the opportunity to speak with the State's witnesses. The ultimate test is whether the appellant received "fair notice" of the charges against him so as to adequately prepare for his defense. *Gorman v. State*, 634 S.W.2d at 684 (opinion on reh'g). The facts of the deception in this case are relatively simple and we see no reason to require the State to re-indict appellant formally when defense counsel admittedly acquired sufficient notice to formulate a defensive strategy through discovery. Indeed, he did so with the defensive strategy of "blanket permission" to return the car whenever appellant chose to return it.

We find that the defect in form of the second indictment, if it exists, did not prejudice the substantial rights of appellant. TEX.CODE CRIM.PROC.ANN. art. 21.19 (Vernon 1989). We overrule appellant's second point of error and affirm the judgment of the trial court.