NO. 07-02-0237-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 1, 2003

_____

KERRY LEN BRADFORD,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B14371-0203; HON. ED SELF, PRESIDING

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Kerry Len Bradford, appellant, appeals his conviction for the unauthorized use of a motor vehicle. Through two points of error, he contends that the evidence was both legally and factually insufficient to support the verdict of guilty and that the trial court erred in admitting into evidence the testimony of a particular witness. We affirm the judgment.

### Background

Appellant drove a semi-truck tractor for Jeff Harrell (Harrell). In addition to allowing appellant to drive the semi-truck tractor, Harrell also allowed him to use a white Chevy

pickup truck belonging to Harrell's father. The latter approved of the arrangement. However, Harrell informed appellant that the truck was to be his (appellant's) responsibility and was to be used to conduct personal errands (such as for traveling to the store to buy groceries for himself) while he was not driving the semi-truck tractor. So too did Harrell expressly forbid appellant from loaning the vehicle to others.

After returning from a work assignment one day, appellant drove the pickup to town. He was to return the next day in time for another haul; that is, he was scheduled to drive a shipment to Kansas. He did not return, however. Nor did he cause the pickup to be returned or return the phone calls placed to him on the cellular phone loaned to him by Harrell. Instead, appellant stated that he loaned the vehicle to a companion, despite Harrell's admonition against that. Additionally, this companion purportedly failed to return with it. Appellant also informed the police (after his arrest) that a "couple of days later," he found the vehicle in a vandalized state. Items also were missing from it. Those items included an air compressor (which had been affixed to the pickup), tools, a two-way radio and a cellular phone.

Given that the items were missing, the State offered the testimony of an individual named Neal illustrating how they were disposed of and who disposed of them. Neal testified that appellant and two other individuals appeared before him in a white pickup truck and offered to sell items from it which included tools and an air compressor. Neal allegedly inquired into the ownership of the items, and appellant replied that his employer (who supposedly lived in Oklahoma) authorized their sale.

2

The local police force eventually found the pickup after being contacted by a wrecker. The latter found it abandoned. It had "pretty well been stripped . . . ." Approximately one month later, the State indicted appellant, charging him with the unauthorized use of a motor vehicle.

### Issue One - Sufficiency of the Evidence

Appellant initially contends that the evidence was both legally and factually insufficient to support his conviction. This is purportedly so because he had the consent of the owner to use it during the periods involved. We overrule the issue.

The applicable standards of review are well-settled and need not be reiterated. It is sufficient to cite the parties to *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and *Zuliani v. State*, 97 S.W.3d 589 (Tex. Crim. App. 2003), for their explanation.

Next, to convict one of the unauthorized use of a motor vehicle, the State must prove, beyond reasonable doubt, that the accused "intentionally or knowingly operate[d] another's . . . motor-propelled vehicle without the effective consent of the owner." TEX. PENAL CODE ANN. §31.07(a) (Vernon 2003). One operates a vehicle, for purposes of the statute, when he "[takes] action to affect the functioning of his vehicle in a manner that would enable the vehicle's use."[1] *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995).

---

[1]We acknowledge that the definition is quite broad. Yet, it is the one adopted by the Court of Criminal Appeals, and we must follow it. *See Lubbock County v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002) (requiring an intermediate court of appeal to apply the law as declared by the highest courts in the Texas judiciary).

As to consent, it is clear that consent to operate a vehicle for specific purposes does not encompass the authorization to do so for all purposes. *See Dodson v. State*, 800 S.W.2d 592, 593-94 (Tex. App.–Houston [14th Dist.] 1991, pet. ref'd) (holding that the evidence was sufficient to sustain conviction since the appellant had permission to drive and leave the car in a specific parking lot so the owner could retrieve it, but not to "drive around in the car until [appellant] was ready to return it"). In short, operating the vehicle outside the parameters demarcated by the owner may result in use without the owner's effective consent. *See id.*

Here, evidence appears of record illustrating that though Harrell allowed appellant to use the vehicle for personal errands, the grant of authority was restricted. He was told not to allow others to drive it. Despite this, appellant gave the vehicle to a companion for use. That exceeded the scope of authority granted by Harrell. Furthermore, that he allowed the companion to use the vehicle also demonstrates that appellant took action to affect the functioning of the vehicle in a manner that would enable the vehicle's use. That is, his voluntary action of delivering the vehicle to the companion for use enabled the subsequent use of the vehicle; thus, he could be considered as operating it when it was delivered.

Also, and as acknowledged by appellant in his brief, evidence of record illustrates that appellant was granted authority to use the pickup until it came time to haul another load for the Harrells. Furthermore, appellant took the pickup for the last time on January 21st and was scheduled to haul a delivery to Kansas the next day, *i.e.* the 22nd. Thus, a rational factfinder could reasonably deduce that his permission to use the vehicle expired

4

on the 22nd. Yet, appellant did not return with the vehicle on that day. Nor did he return to work. Instead, and rather than abide by the limits placed on its use, he and his companions used the pickup to contact Neal with an offer to sell stolen property, *i.e.* the vehicle's contents. Selling the contents as well as using the vehicle to transport those contents is evidence manifesting appellant's intent to exceed or ignore the bounds of authority granted him by Harrell. That is, it along with the evidence that he allowed third parties to use the pickup and then failed to return the vehicle at the allotted time is evidence upon which one could reasonably infer that appellant no longer felt bound by and exceeded the scope of the consent granted him by Harrell. No longer was he using the vehicle for the legitimate purposes approved by Harrell but instead was using it to pursue an illegitimate end.

Again, the consent granted by the owner delineates the operator's sphere of authority. And, if one is to heed common sense, then one must conclude that when X allows Y (and *only* Y) to use a car *only* for personal errands such as buying groceries, the authority granted Y does not encompass permission to allow Z to drive the car for personal errands or to allow Y to sell its contents and then opt not to return what is left of the stripped vehicle. Nor does it encompass the authority to use the vehicle as a means of conducting illegal activity, that being the transport of items converted from Harrell and sold to others.

In short, evidence appears of record upon which a factfinder could conclude, beyond reasonable doubt, that appellant operated the vehicle without the effective consent of the owner. Furthermore, such a determination would not be so contrary to the great

5

weight of the evidence as to be clearly wrong or supported by evidence so weak as to render the finding clearly wrong or manifestly unjust.

### *Issue Two – Admission of Evidence*

Next, appellant complains of the admission of Neal's testimony. The trial court allegedly erred in admitting it because 1) the State used Neal to impeach testimony that it offered (namely appellant's written statement alleging that the companion took the vehicle) and 2) its probative value was substantially outweighed by its danger of unfair prejudice.[2] We overrule the point.

As to the matter of impeaching one's own testimony, that basis for objection went unmentioned below. There, appellant simply contended that the evidence was irrelevant and that its probative value failed to outweigh its prejudicial effect. Given that this ground of objection went unmentioned below, it was waived. *Wilson v. State,* 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (holding that the objection raised on appeal must comport with that asserted below to be preserved).

As to the remaining ground for objection, appellant's argument is founded upon the belief that the testimony had no value since it was irrelevant. We disagree. At the very least, it served to illustrate appellant's intent to exceed and that he actually exceeded the authority extended by Harrell. As previously discussed, the transaction with Neal evinced not only that appellant was selling the contents of the pickup (which contents he converted) but also using the pickup to transport those contents to prospective buyers.

---

[2]Under Rule of Evidence 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

6

Neither fell within the purpose for which Harrell allowed him to operate the vehicle. So, the evidence was quite relevant to the elements of operating the pickup without the effective consent of the owner.

The evidence also served to rebut the defense appellant built into his confession, the defense being that someone else took and stripped the vehicle. And, while it depicted extraneous misconduct, we cannot say that the trial court abused its discretion in concluding that its probative value was not substantially outweighed by its danger of undue prejudice. *See Montgomery v. State*, 810 S.W.2d 372, 378-79 (Tex. Crim. App. 1991) (holding that the decision whether to admit or exclude evidence under Rule of Evidence 403 falls within the trial court's discretion).

Accordingly, the judgment is affirmed.

Brian Quinn
Justice

Do not publish.