COURT OF APPEALS

                                                  SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                         NO.
2-05-038-CV

 

 

IN THE MATTER OF K.D.F.                                                                     

 

 

                                               ------------

 

            FROM
THE 323RD DISTRICT COURT OF TARRANT COUNTY

 

                                               ------------

 

                                MEMORANDUM
OPINION[1]

 

                                               ------------

I.  Introduction

The juvenile court
adjudicated Appellant K.D.F. delinquent for unauthorized use of a motor vehicle
and ordered him committed to the Texas Youth Commission for an indeterminate
period not to exceed his twenty-first birthday. 
In a single point, K.D.F. challenges the factual sufficiency of the
evidence underlying the judgment of delinquency.  We affirm.

 








II.  Factual Background

Tunya Alexander is the
common-law wife of Carl Johnson.  Late at
night on October 19, 2004, Johnson drove Alexander=s vehicleCwith her
permissionCto a nearby
Wal-Mart.  Johnson stopped along the way
and picked up K.D.F., who was an acquaintance of one of Johnson=s nieces, and two other females. 
At the Wal-Mart, both K.D.F. and Johnson were stopped for shoplifting,
and authorities arrested Johnson on a warrant issued for unpaid parking
tickets.

K.D.F. testified that Johnson
gave him the keys to Alexander=s vehicle between 3:30 a.m. and 4:00 a.m. that morning and told him to
take it to K.D.F.=s house, not
Alexander=s house.  Johnson called Alexander to inform her that
he had been arrested, and Alexander (thinking that Johnson would not have taken
his cell phone to jail) later called Johnson=s cell phone to determine where her car was located.  A male voice answered the phone, and
Alexander instructed the individual to return her vehicle immediately, but it
never arrived.  Alexander therefore
reported her vehicle stolen.  She
testified that it was her intention that Johnson use her vehicle to go to the
store and return afterwards, not to keep it and drive it for twenty-four to
forty-eight hours.








After Johnson gave K.D.F. the
keys to Alexander=s vehicle,
K.D.F. dropped off both of the females accompanying him but never returned the
vehicle to Alexander.  Later that day,
K.D.F. drove Alexander=s vehicle to
his house, loaned it to a few friends briefly, and drove it to a friend=s house.  K.D.F. testified that
he attempted to return the vehicle to Alexander around 3:30 p.m. that afternoon
but that Alexander was not home. 
Alexander, however, testified that she was home all day until 5:30 p.m.

Around 1:15 a.m. on October
20, 2004, Fort Worth police stopped K.D.F. while he was driving Alexander=s vehicle, arrested him, and discovered a bag of marijuana located
under the driver=s seat.[2]  The State filed a petition alleging that
K.D.F. had engaged in delinquent conduct by the unauthorized use of a motor
vehicle, and after a trial, the court adjudicated K.D.F. guilty of the charged
conduct.  This appeal followed.

III.  Factual Sufficiency








In his sole point, K.D.F.
argues that the evidence is factually insufficient to support the juvenile
court=s judgment because he had permission to drive Alexander=s car, there is no evidence that he intentionally or knowingly
operated Alexander=s vehicle
without the consent of someone having authority to grant permission, and
reasonable doubt as to his delinquency was raised through the defense of
mistake of fact.  The State contends that
K.D.F. exceeded the scope of permission given to him to operate Alexander=s vehicle.

A.  Standard of Review








We apply the criminal factual
sufficiency standard of review to appeals from juvenile adjudications.  See In re L.A.S., 135 S.W.3d 909, 914
(Tex. App.CFort Worth
2004, no pet.).  In reviewing the factual
sufficiency of the evidence to support a conviction, we are to view all the
evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.  There are two
ways evidence may be factually insufficient: 
(1) the evidence supporting the verdict or judgment, considered by
itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) when there is evidence both supporting and contradicting the verdict or
judgment, weighing all of the evidence, the contrary evidence is so strong that
guilt cannot be proven beyond a reasonable doubt.  Id. at 484-85.  AThis standard acknowledges that evidence of guilt can >preponderate= in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a guilty
finding can outweigh the contrary proof but still be insufficient to prove the
elements of an offense beyond a reasonable doubt.  Id.  


In performing a factual
sufficiency review, we are to give deference to the fact finder=s determinations, including determinations involving the credibility
and demeanor of witnesses.  Id. at
481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that
of the fact finder=s.  Zuniga, 144 S.W.3d at 482.  

A proper factual sufficiency
review requires an examination of all the evidence.  Id. at 484, 486-87.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint
on appeal.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

B. Analysis








The penal code defines the
offense of unauthorized use of a vehicle as the intentional or knowing
operation of another=s boat,
airplane, or motor-propelled vehicle without the effective consent of the
owner.  Tex.
Penal Code Ann. ' 31.07
(Vernon 2003).  Effective consent
includes Aconsent by a
person legally authorized to act for the owner.@  Id. ' 31.01(3) (Vernon 2005). 
Consistent with the definition, one of the elements to be proven by the
State is the knowledge of the defendant that he did not have the consent of the
owner to operate the vehicle.  Gardner
v. State, 780 S.W.2d 259, 263 (Tex. Crim. App. 1989).

Here, K.D.F. spends a
considerable amount of briefing arguing that he had permission to drive
Alexander=s
vehicle.  The State, however, asserts in
its brief that this issueCthat Johnson
had the authority to grant K.D.F. permission to drive Alexander=s vehicleCis
undisputed, and we agree.  Thus, the
primary issue we must consider is whether K.D.F. exceeded the scope of
permission given to him by Johnson to drive Alexander=s vehicle.  See Dodson v.
State, 800 S.W.2d 592, 593-94 (Tex. App.CHouston [14th Dist.] 1990, pet. ref=d) (holding evidence sufficient to sustain unauthorized use of a
vehicle conviction because appellant exceeded scope of permission granted by
vehicle owner); Bradford v. State, No. 07-02-0237-CR, 2003 WL 21501968,
at *2 (Tex. App.CAmarillo
July 1, 2003, no pet.) (not designated for publication) (AAs to consent, it is clear that consent to operate a vehicle for
specific purposes does not encompass the authorization to do so for all
purposes.@).








K.D.F. testified that Johnson
instructed him to take Alexander=s vehicle back to his house. 
Johnson did not testify at the trial, but the parties entered into the
following stipulation:  AI [the prosecutor] believe that Mr. Johnson did give the Respondent
the keys to the vehicle with the instruction to take the car to the house or
whatever that means.  I don=t know if it=s his house
or Mr. Johnson=s house.@  Assuming that the fact finder
believed K.D.F.=s testimony
that Johnson instructed him to return Alexander=s vehicle to his house and not Alexander=s house, the evidence demonstrates that K.D.F. nevertheless exceeded
the scope of permission given to him by driving the vehicle around Fort Worth
later that day (and lending the vehicle to others), only to be stopped by an
officer early in the morningCwith two additional individuals in the vehicle.  K.D.F. testified,

[Prosecutor]:
Did he [Johnson] give you permission to drive the car all over Fort Worth that
night?

 

[K.D.F.]: No, sir.

K.D.F. further testified that
after Johnson gave him the keys to Alexander=s vehicle, he dropped off AChantay,@ presumably
one of the females that accompanied him to Wal-Mart, and then proceeded to drop
off her friend, presumably the other female that accompanied them to
Wal-Mart.  K.D.F. spent the night at the
latter female=s residence,
returned home later, and loaned the vehicle to a few friends that same
day.  He testified that he attempted to
return the vehicle to Alexander around 3:30 p.m. but nobody was home.








Around 1:15 a.m. the next
morning, a police officer stopped K.D.F. as he was leaving an apartment complex
driving Alexander=s
vehicle.  Demonstrating his knowledge
that he operated Alexander=s vehicle without Johnson=s effective consent by exceeding the scope of permission granted to
him, K.D.F. admitted at trial that he gave the vehicle=s keys to his friends but that Johnson did not give him permission to
turn over the keys so that the vehicle could be driven by others.  K.D.F. recognized that the scope of his
permission to use Alexander=s vehicle was limited.  He
testified,

[Defense
Counsel]: Is there a reason why you didn=t go back more often to Ms.
Alexander=s
house to try to get the car back rather than run errands with the family?

 

[K.D.F.]: No, sir.

[Defense
Counsel]: I mean, if they gave permission, that permission probably expired at
some point.  What was going through your
head, that you had this free car until Mr. Johnson called it back?  What were you thinking on it?

 

[K.D.F.]:
I tried to take the car back.  She wasn=t at
home so.    

 

Despite K.D.F.=s testimony that he attempted to return the vehicle, the fact finder
was free to believe Alexander=s testimony that she was home all day until 5:30 p.m. and that K.D.F.
never attempted to return the car during that time period.








K.D.F. argues that there is
no evidence that he knowingly operated Alexander=s vehicle without her effective consent because Alexander did not tell
K.D.F. not to drive the vehicle and Johnson, as Alexander=s common-law husband, had the authority to give K.D.F. permission to
use the car, which was the couple=s community property.  These
arguments attempt to read a requirement into the statute that does not
exist.  Section 31.07(a) provides only
that an offense is committed if the defendant knowingly operates a vehicle
without the effective consent of the owner. 
Tex. Penal Code Ann. ' 31.07; McQueen v. State, 781 S.W.2d 600, 604 n.5 (Tex. Crim.
App. 1989).  Section 31.07(a) does not
require the owner or her agent to affirmatively communicate to the defendant
that consent to operate the vehicle is being withheld.  Here, the evidence shows that K.D.F.
knowingly exceeded the scope of consent Johnson gave him to use Alexander=s vehicle.  That Alexander or
Johnson did not expressly deny K.D.F. permission to operate the vehicle beyond
the scope of Johnson=s consent is
irrelevant.








Finally, K.D.F. argues that
it is Aclear@ that the
defense of mistake of fact was raised by his testimony.[3]  A mistake of fact defense is raised in an
unauthorized use of a motor vehicle case if the defendant obtained permission
to operate the vehicle from someone whom he thought was apparently authorized
to give such permission.  Bruno v.
State, 845 S.W.2d 910, 912 (Tex. Crim. App. 1993); McQueen, 781
S.W.2d at 602-05; Lynch v. State, 643 S.W.2d 737, 738 (Tex. Crim. App.
1983).  As stated above, there was no
dispute regarding Johnson=s authority
to grant K.D.F. permission to operate Alexander=s vehicle.  The defense of
mistake of fact is therefore inapplicable to the facts of this case.  

Viewing all the evidence in a
neutral light, favoring neither party, we hold that the evidence is factually
sufficient to support the juvenile court=s judgment.  See Zuniga,
144 S.W.3d at 481.  Accordingly, we
overrule K.D.F.=s point.

IV.  Conclusion

Having overruled K.D.F.=s sole point, we affirm the trial court=s judgment.

 

 

PER
CURIAM

 

PANEL F:    MCCOY,
HOLMAN, and GARDNER, JJ.

 

DELIVERED: November 3,
2005

 

 

 

 

 

 

 

 

 

 

 

 








 

 











[1]See Tex. R. App. P. 47.4.





[2]Two other individuals were with
K.D.F. in the vehicle at the time he was stopped.  K.D.F. was also charged with possession of
marijuana, but the State dismissed the charge towards the end of the trial. 





[3]AIt is a defense to prosecution that
the actor through mistake formed a reasonable belief about a matter of fact if
his mistaken belief negated the kind of culpability required for commission of
the offense.@ 
Tex. Penal Code Ann. ' 8.02(a) (Vernon 2003).