IN THE MATTER OF K.D.F.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-038-CV

IN THE MATTER OF K.D.F. 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

The juvenile court adjudicated Appellant K.D.F. delinquent for unauthorized use of a motor vehicle and ordered him committed to the Texas Youth Commission for an indeterminate period not to exceed his twenty-first birthday.  In a single point, K.D.F. challenges the factual sufficiency of the evidence underlying the judgment of delinquency.  We affirm.

II.  Factual Background

Tunya Alexander is the common-law wife of Carl Johnson.  Late at night on October 19, 2004, Johnson drove Alexander’s vehicle—with her permission—to a nearby Wal-Mart.  Johnson stopped along the way and picked up K.D.F., who was an acquaintance of one of Johnson’s nieces, and two other females.  At the Wal-Mart, both K.D.F. and Johnson were stopped for shoplifting, and authorities arrested Johnson on a warrant issued for unpaid parking tickets.

K.D.F. testified that Johnson gave him the keys to Alexander’s vehicle between 3:30 a.m. and 4:00 a.m. that morning and told him to take it to K.D.F.’s house, not Alexander’s house.  Johnson called Alexander to inform her that he had been arrested, and Alexander (thinking that Johnson would not have taken his cell phone to jail) later called Johnson’s cell phone to determine where her car was located.  A male voice answered the phone, and Alexander instructed the individual to return her vehicle immediately, but it never arrived.  Alexander therefore reported her vehicle stolen.  She testified that it was her intention that Johnson use her vehicle to go to the store and return afterwards, not to keep it and drive it for twenty-four to forty-eight hours.

After Johnson gave K.D.F. the keys to Alexander’s vehicle, K.D.F. dropped off both of the females accompanying him but never returned the vehicle to Alexander.  Later that day, K.D.F. drove Alexander’s vehicle to his house, loaned it to a few friends briefly, and drove it to a friend’s house.  K.D.F. testified that he attempted to return the vehicle to Alexander around 3:30 p.m. that afternoon but that Alexander was not home.  Alexander, however, testified that she was home all day until 5:30 p.m.

Around 1:15 a.m. on October 20, 2004, Fort Worth police stopped K.D.F. while he was driving Alexander’s vehicle, arrested him, and discovered a bag of marijuana located under the driver’s seat.
(footnote: 2)  The State filed a petition alleging that K.D.F. had engaged in delinquent conduct by the unauthorized use of a motor vehicle, and after a trial, the court adjudicated K.D.F. guilty of the charged conduct.  This appeal followed.

III.  Factual Sufficiency

In his sole point, K.D.F. argues that the evidence is factually insufficient to support the juvenile court’s judgment because he had permission to drive Alexander’s car, there is no evidence that he intentionally or knowingly operated Alexander’s vehicle without the consent of someone having authority to grant permission, and reasonable doubt as to his delinquency was raised through the defense of mistake of fact.  The State contends that K.D.F. exceeded the scope of permission given to him to operate Alexander’s vehicle.

A.  Standard of Review

We apply the criminal factual sufficiency standard of review to appeals from juvenile adjudications.  
See In re L.A.S.
, 135 S.W.3d 909, 914 (Tex. App.—Fort Worth 2004, no pet.).  
In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.   

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

B. Analysis

The penal code defines the offense of unauthorized use of a vehicle as the intentional or knowing operation of another’s boat, airplane, or motor-propelled vehicle without the effective consent of the owner.  
Tex. Penal Code Ann.
 § 31.07 (Vernon 2003).  Effective consent includes “consent by a person legally authorized to act for the owner.”  
Id
. § 31.01(3) (Vernon 2005).
  Consistent with the definition, one of the elements to be proven by the State is the knowledge of the defendant that he did not have the consent of the owner to operate the vehicle.  
Gardner v. State
, 780 S.W.2d 259, 263 (Tex. Crim. App. 1989).

Here, K.D.F. spends a considerable amount of briefing arguing that he had permission to drive Alexander’s vehicle.  The State, however, asserts in its brief that this issue—that Johnson had the authority to grant K.D.F. permission to drive Alexander’s vehicle—is undisputed, and we agree.  Thus, the primary issue we must consider is whether K.D.F. exceeded the scope of permission given to him by Johnson to drive Alexander’s vehicle.  
See Dodson v. State
, 800 S.W.2d 592, 593-94 (Tex. App.—Houston [14th Dist.] 1990, pet. ref’d) (holding evidence sufficient to sustain unauthorized use of a vehicle conviction because appellant exceeded scope of permission granted by vehicle owner); 
Bradford v. State
, No. 07-02-0237-CR, 2003 WL 21501968, at *2 (Tex. App.—Amarillo July 1, 2003, no pet.) (not designated for publication) (“As to consent, it is clear that consent to operate a vehicle for specific purposes does not encompass the authorization to do so for all purposes.”).

K.D.F. testified that Johnson instructed him to take Alexander’s vehicle back to his house.  Johnson did not testify at the trial, but the parties entered into the following stipulation:  “I [the prosecutor] believe that Mr. Johnson did give the Respondent the keys to the vehicle with the instruction to take the car to the house or whatever that means.  I don’t know if it’s his house or Mr. Johnson’s house.”  Assuming that the fact finder believed K.D.F.’s testimony that Johnson instructed him to return Alexander’s vehicle to his house and not Alexander’s house, the evidence demonstrates that K.D.F. nevertheless exceeded the scope of permission given to him by driving the vehicle around Fort Worth later that day (and lending the vehicle to others), only to be stopped by an officer early in the morning—with two additional individuals in the vehicle.  K.D.F. testified,

[Prosecutor]: Did he [Johnson] give you permission to drive the car all over Fort Worth that night?

[K.D.F.]: No, sir.

K.D.F. further testified that after Johnson gave him the keys to Alexander’s vehicle, he dropped off “Chantay,” presumably one of the females that accompanied him to Wal-Mart, and then proceeded to drop off her friend, presumably the other female that accompanied them to Wal-Mart.  K.D.F. spent the night at the latter female’s residence, returned home later, and loaned the vehicle to a few friends that same day.  He testified that he attempted to return the vehicle to Alexander around 3:30 p.m. but nobody was home.

Around 1:15 a.m. the next morning, a police officer stopped K.D.F. as he was leaving an apartment complex driving Alexander’s vehicle.  Demonstrating his knowledge that he operated Alexander’s vehicle without Johnson’s effective consent by exceeding the scope of permission granted to him, K.D.F. admitted at trial that he gave the vehicle’s keys to his friends but that Johnson did not give him permission to turn over the keys so that the vehicle could be driven by others.  K.D.F. recognized that the scope of his permission to use Alexander’s vehicle was limited.  He testified,

[Defense Counsel]: Is there a reason why you didn’t go back more often to Ms. Alexander’s house to try to get the car back rather than run errands with the family?

[K.D.F.]: No, sir.

[Defense Counsel]: I mean, if they gave permission, that permission probably expired at some point.  What was going through your head, that you had this free car until Mr. Johnson called it back?  What were you thinking on it?

[K.D.F.]: I tried to take the car back.  She wasn’t at home so.    

Despite K.D.F.’s testimony that he attempted to return the vehicle, the fact finder was free to believe Alexander’s testimony that she was home all day until 5:30 p.m. and that K.D.F. never attempted to return the car during that time period.

K.D.F. argues that there is no evidence that he knowingly operated Alexander’s vehicle without her effective consent because Alexander did not tell K.D.F. 
not
 to drive the vehicle and Johnson, as Alexander’s common-law husband, had the authority to give K.D.F. permission to use the car, which was the couple’s community property.  These arguments attempt to read a requirement into the statute that does not exist.  Section 31.07(a) provides only that an offense is committed if the defendant knowingly operates a vehicle without the effective consent of the owner.  
Tex. Penal Code Ann.
 § 31.07
; 
McQueen v. State
, 781 S.W.2d 600, 604 n.5 (Tex. Crim. App. 1989).  Section 31.07(a) does not require the owner or her agent to affirmatively communicate to the defendant that consent to operate the vehicle is being withheld.  Here, the evidence shows that K.D.F. knowingly exceeded the scope of consent Johnson gave him to use Alexander’s vehicle.  That Alexander or Johnson did not expressly deny K.D.F. permission to operate the vehicle beyond the scope of Johnson’s consent is irrelevant.

Finally, K.D.F. argues that it is “clear” that the defense of mistake of fact was raised by his testimony.
(footnote: 3)  A mistake of fact defense is raised in an unauthorized use of a motor vehicle case if the defendant obtained permission to operate the vehicle from someone whom he thought was apparently authorized to give such permission.  
Bruno v. State
, 845 S.W.2d 910, 912 (Tex. Crim. App. 1993); 
McQueen
, 781 S.W.2d at 602-05; 
Lynch v. State
, 643 S.W.2d 737, 738 (Tex. Crim. App. 1983).  As stated above, there was no dispute regarding Johnson’s authority to grant K.D.F. permission to operate Alexander’s vehicle.  The defense of mistake of fact is therefore inapplicable to the facts of this case.  

Viewing all the evidence in a neutral light, favoring neither party, we hold that 
the evidence is factually sufficient to support the juvenile court’s judgment.  
See Zuniga
, 144 S.W.3d at 481.
  Accordingly, we overrule K.D.F.’s point.

IV.  Conclusion

Having overruled K.D.F.’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, HOLMAN, and GARDNER, JJ.

DELIVERED: November 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.

2:
Two other individuals were with K.D.F. in the vehicle at the time he was stopped.  K.D.F. was also charged with possession of marijuana, but the State dismissed the charge towards the end of the trial. 

3:
“It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.”  
Tex. Penal Code Ann.
 § 8.02(a) (Vernon 2003).